NASH v. NEW YORK LIFE INS. CO.

1. INSURANCE—CONTRACT FOR CONTINGENT LOSSES.
    Insurance policies are contracts to indemnify against contingent losses.

2. SAME—CANCELLATION OF POLICY—PREVIOUSLY INCURRED LIABILITY.
    Though an insurance policy may ordinarily be canceled by insured by surrendering it to insurer and accepting unearned premium or cash surrender value thereof, such surrender and cancellation do not relieve insurer from liability for loss incurred prior thereto.

3. SAME—FORFEITURES NOT FAVORED.
    Forfeitures of insurance policies are not favored.

4. SAME—OCCURRENCE OF LOSS—CHANGE OF CONTRACTUAL STATUS.
    Upon the occurrence of a loss under an insurance policy the contractual status between insured and insurer changes from a contingent liability on the part of the insurer to an absolute liability.

5. SAME—CANCELLATION OF POLICY—CONSIDERATION—INTENT.

> Surrender of life and accident insurance policy and receipt of cash surrender value thereof before judgment was rendered in action for loss *held,* not to affect unliquidated liability of insurer for loss upon which insured had started action against insurer, there being no consideration for satisfaction of the claimed unliquidated liability nor. intent of insured to release insurer therefor.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 11, 1935. (Docket No. 74, Calendar No. 38,419.) Decided September 9, 1935.

Assumpsit by Fred E. Nash against New York Life Insurance Company for money due under a life and accident insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bert R. Sogge,* for plaintiff.

*Thomas A. E. Weadock,* for defendant.

POTTER, C. J. Plaintiff, insured by defendant, sued to recover damages resulting from an automobile accident and return premium upon the surrender of his policy. The defendant claimed no proper proofs of loss were submitted by plaintiff to defendant, and later moved to dismiss plaintiff's suit because July 10, 1933, plaintiff surrendered his policy and received the cash surrender value thereof. There was judgment for plaintiff, and defendant appeals.

The controlling questions are, whether the proof will sustain the judgment; and whether plaintiff was entitled to recover at all, having surrendered his policy to defendant and received the cash surrender value thereof before judgment was rendered. There are other questions of practice raised, the decision of which, under the facts, was within the discretion of the trial court. The trial court found the testimony

sufficient to warrant the judgment, and in this finding we agree.

May plaintiff who surrendered his policy and accepted the cash surrender value thereof prior to judgment recover? Defendant relied below, and relies here, upon *Fischer* v. *Northwestern Mutual Life Ins. Co.,* 267 Mich. 6, and *Lauer* v. *Michigan Life Ins. Co.,* 268 Mich. 614, in both of which cases it was held that by reason of the surrender of the policy before the cause of action thereon accrued there could be no recovery.

Insurance policies are contracts to indemnify against contingent losses. Though an insurance policy may ordinarily be canceled by surrender of the policy by the insured to the insurer and the acceptance of the unearned premium or cash surrender value thereof, surrender and cancellation of an insurance policy will not relieve the insurer from liability incurred prior to its surrender and cancellation. *Hicks* v. *Grimley,* 213 N. Y. 447 (107 N. E. 1037). Forfeitures of insurance policies are not favored. *Miner* v. *Michigan Mutual Benefit Association of Hillsdale,* 63 Mich. 338. Where, after a fire insurance policy was surrendered and the return premium accepted by the insured on December 30th, in ignorance of the loss of the property insured, by fire, December 25th, the insured was held entitled to recover, notwithstanding the surrender of the policy and the acceptance of the return premium. *Van Valkenburgh* v. *Lenox Fire Ins. Co.,* 51 N. Y. 465.

Where plaintiff intended to surrender his fire insurance, and the policies did not reach the representatives of the defendant company until after the fire, it was held that when the insurance policies reached the representative of the insurer after the fire occurred, the character of the contract had been changed from a contingent to a certain liability on

the part of the insurer, a cause of action based on absolute debt forthwith accrued to plaintiff which was not extinguished by the subsequent receipt of the policy. *Crown Point Iron Co.* v. *Ætna Ins. Co.,* 127 N. Y. 608 (28 N. E. 653, 14 L. R. A. 147).

The theory of these and similar cases is that prior to surrender of the policy the contractual status of the parties thereto had been changed from a contingent liability on the part of the insurer to an absolute liability. A cause of action for an absolute debt had accrued on the contract prior to its surrender and cancellation. The contingency on which liability was made to depend had accrued, and the insurance company was the absolute debtor to the plaintiff for the amount of the insurance.

At the time plaintiff's policy was surrendered and he received the cash surrender value thereof, settlement was made solely on the basis of defendant's contractual liability independent of any liability for loss insured against. There was nothing to indicate plaintiff settled or intended to settle and release the defendant from liability for any loss claimed to have accrued and to have been insured against, and defendant paid no more upon the surrender of the policy by plaintiff than it would have paid had its contingent liability not become fixed and absolute. There was no such composition and satisfaction proven as to defeat plaintiff's right of recovery. *Browning* v. *Crouse,* 43 Mich. 489; *Burr's Damascus Tool Works* v. *Peninsular Tool Manfg. Co.,* 142 Mich. 417. No consideration moved from defendant to plaintiff for the satisfaction of its claimed unliquidated liability for loss under the policy. The proofs show plaintiff had no intention of releasing defendant from its claimed liability, and defendant denied any such liability existed. There was no agreement to settle this claimed liability, no pay-

ment and acceptance of a less sum than plaintiff claimed in satisfaction and release from liability, no consideration therefor, and no release of defendant by plaintiff, under seal, and consequently the surrender of the policy and the acceptance of its cash surrender value by plaintiff after liability accrued did not discharge defendant from such liability, nor bar plaintiff's right of recovery.

The judgment of the trial court is affirmed, with costs.

Nelson Sharpe, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.