## DETROIT DEMOLITION CORPORATION v BURROUGHS CORPORATION

1. ARBITRATION AND AWARD—WAIVER—OBJECTIONS.

   A defendant did not waive its objections to a trial court's determination of the arbitrability of a plaintiff's claims by participating in arbitration proceedings, as ordered by the lower court, where it had raised the issue of arbitrability during its resistance to plaintiff's efforts to compel arbitration, was thereafter under court order to arbitrate, sought to persuade the arbitrator as to the efficacy of defendant's arguments, again raised the issue in defending against the plaintiff's motion to have the arbitration award confirmed and a judgment entered thereon, and also commenced an independent equitable action seeking to have the arbitration award vacated.

2. APPEAL AND ERROR—ARBITRATION AND AWARD.

   An appellate court may vacate an arbitrator's award even though he was acting with apparent authority granted to him on the face of submission, where he exceeds his authority through no fault of his own by reason of the fact that non-arbitrable subject matter has been improperly submitted to him, because such a vacation can be justified on the grounds that the arbitrator did not possess actual subject matter jurisdiction over the claim (GCR 1963, 769.9[1][c]).

3. APPEAL AND ERROR—RECORD ON APPEAL—SUFFICIENCY.

   The Court of Appeals retains jurisdiction of the cause but remands to the trial court for a specific finding of facts where a trial judge ordered claims submitted to arbitration and later confirmed the arbitrator's award but at neither time made the findings of fact or conclusions of law which would enable the Court of Appeals to perform the role assigned to an appellate court.

Appeal from Wayne, Joseph G. Rashid, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 5 Am Jur 2d, Arbitration and Award §§ 51–43.

[2] 5 Am Jur 2d, Arbitration and Award § 167 *et seq.*

mitted Division 1 December 14, 1972, at Detroit. (Docket No. 12833.) Decided February 21, 1973.

Complaint by Detroit Demolition Corporation against Burroughs Corporation for compensation for services performed, requesting arbitration. Arbitration granted. Arbitration award and judgment for plaintiff. Defendant appeals. Remanded for findings of fact and conclusions of law as to arbitrability of certain claims, and jurisdiction retained.

*Charles Rubiner* and *Arthur James Rubiner,* for plaintiff.

*James M. Clabault, William L. Hooth,* and *Elliot B. Glicksman,* for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. Defendant Burroughs Corporation (hereinafter "Burroughs") appeals of right from the judgment of the trial court confirming an arbitration award entered in plaintiff Detroit Demolition Corporation's (hereinafter "Detroit") favor in the amount of $136,000.

The pertinent facts are as follows: On June 15, 1967, plaintiff and defendant executed a written agreement which provided that plaintiff would demolish two of defendant's buildings at a cost of $498,750. As demolition work proceeded it became apparent that it would be necessary to remove certain concrete fill not included within the original contract. After the parties had discussed the cost of this additional work, the original contract was modified by a written document called

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Change Order No. 4" which specified payment of an additional $133,200 to plaintiff to cover cost of removing this concrete floorfill. According to defendant's version of the facts, plaintiff completed all work on the demolition project about December 12, 1968, and on December 19, 1968, defendant made—and plaintiff accepted—the last payment under the contract which defendant contends constituted "final payment" within the meaning of the contractual language, and included the additional sum agreed upon under Change Order No. 4.

Defendant states that nothing further was heard from plaintiff until March 3, 1969, when Burroughs received a letter from plaintiff's attorney asserting dissatisfaction with the compensation plaintiff received for its removal of the additional concrete fill. Defendant claims that a series of communications between the parties followed in which plaintiff indicated an intention to demand arbitration as to the allegedly deficient payment. Defendant, however, maintained that since all contract work had been completed and final payment had been tendered and accepted, no arbitrable dispute existed between the two parties.

On August 18, 1969, plaintiff filed a complaint and motion for an order to proceed with arbitration. Disposition of these pleadings is unclear: defendant claims that the motion was denied because the complaint did not allege the existence of an arbitrable dispute between the parties, while plaintiff contends that the motion was merely adjourned, not denied, in order to enable plaintiff to file an amended complaint. Later on March 6, 1970, plaintiff filed an amended complaint and motion for an order to proceed with arbitration, paragraph 3 of which provided:

"3. From time to time prior to the purported final payment pursuant to such agreement, plaintiff had made certain written demands (among others) upon defendant for the payment of various sums of money, viz:

"(a) Claim of $49,875.00 representing a sum equal to 10% of the full agreed price, necessitated by defendant's insistence that plaintiff use hand labor on certain aspects of plaintiff's work, rather than machine equipment.

"(b) Claim of $207,000.00 representing removal of concrete fill at $1.35 per square foot. Such removal was demanded by defendant's architect after execution of the original agreement which was not required by said agreement.

"(c) Claim for $1,931.22 for capping and backfilling a sewer line not required in such agreement."

Defendant thereupon timely answered: denying that plaintiff had submitted any written claims prior to the alleged "final payment"; denying that defendant was indebted to plaintiff in any amount; and, at hearings on plaintiff's motion held on March 6 and 13, alleged that no written claims had been made and that the claim specified in paragraph 3 (b) of plaintiff's amended complaint had in any case been settled by plaintiff's acceptance of "Change Order No. 4" and its acceptance thereunder of $133,200 for removal of the concrete fill. These hearings were not recorded and thus not transcribed.

By order of March 13, 1970, the trial court ordered defendant to submit to arbitration of the claims set forth in plaintiff's amended complaint "in the manner and according to the procedure provided in the 'General Conditions of the Contract for the Construction of Buildings' of the American Institute of Architects". Defendant apparently did not seek to appeal from the trial court's order requiring it to arbitrate the dispute.

On May 22, 1970, after plaintiff filed a demand for arbitration with the American Arbitration Association, an arbitrator was subsequently appointed and hearings were held before him, and on September 9, 1971, the arbitrator filed an award which provided in pertinent part as follows:

"Burroughs Corporation * * * shall pay to Detroit Demolition Corporation * * * the sum of one hundred thirty-six thousand dollars ($136,000)."

On October 5, 1972, plaintiff filed a motion to confirm the award of the arbitrator. In its answer defendant averred that it had commenced in the trial court an independent action against plaintiff to vacate said award, and, incorporating by reference the reasons delineated in its complaint in the second action, contended that the arbitration award constituted an invalid abrogation of "Change Order No. 4" under which plaintiff had allegedly agreed to accept and had accepted $133,-200 in full satisfaction of all claims under the contract. After hearings on plaintiff's motion, the trial judge issued an order confirming the arbitration award and entered a judgment against defendant in the amount of $136,000 plus costs. This appeal followed.

The essential question presented on appeal relates to whether or not defendant's failure to seek an interlocutory appeal from the trial court's order compelling arbitration and its participation in arbitration proceedings as ordered by the lower court effectively precludes appellate review of the trial judge's initial determination that the disputed claims were properly arbitrable under arbitration provisions contained in the contract between the parties.

Plaintiff first argues that defendant has waived

any right to appeal by virtue of the language in the demolition contract which specified that "[t]he award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof", citing *Hoste v Dalton,* 137 Mich 522 (1904). However, *Hoste* is inapposite since that case concerned the parties' stipulation to accept the decision of the circuit court as binding and final and therefore does not support Detroit's contention that finality of an arbitration award necessarily precludes any appellate review. See 5 Am Jur 2d, Arbitration and Award, § 145, p 626.

Plaintiff next asserts that defendant waived any objection to the trial court's determination of arbitrability when Burroughs participated in arbitration proceedings as it was ordered to do by the lower court. Other than electing to seek an appeal from the court's interlocutory order compelling arbitration,[1] defendant's only recourse would have been to defy the court order by boycotting the arbitration proceedings. However, such boycott could not have prevented an *ex parte* hearing in which an award could have been entered upon evidence produced solely by Detroit. MCLA 600.5011; MSA 27A.5011. Thus the intimation that Burroughs could have boycotted the arbitration proceedings in order to preserve inviolate its objection to the arbitrability of the disputed claims is not viable.

While it is true that one who volitionally and without objection participates in arbitration proceedings may well have waived his right subsequently to object to the arbitrability of previously

---

[1] 5 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 461, states that appeals from an order compelling arbitration are interlocutory in nature and can only be taken on leave granted by the Court of Appeals. *See also* GCR 1963, 806.2.

decided issues, cases so holding would not appear
applicable to the case at bar. As stated in 33
ALR3d 1242, § 4, p 1250:

"A number of cases indicate that a party's participa-
tion in arbitration proceedings will not result in waiver
of his right to raise the issue of arbitrability of the
dispute if he has made a timely objection to arbitrabil-
ity before a hearing on the merits."

It was defendant's position while resisting De-
troit's motion in the trial court to compel arbitra-
tion and it is now defendant's contention on ap-
peal that claim 3(b) was simply not arbitrable
since it was specifically excluded from arbitration
by virtue of the contract provision excepting
claims which have been waived by acceptance of
final payment.

After being ordered by the trial judge to arbi-
trate the disputed claims, Burroughs did not seek
leave to appeal from said order but instead com-
plied with the directive of the court and again
raised the issue of non-arbitrability in defending
against Detroit's motion to have the arbitration
award confirmed and judgment entered thereon.
Defendant also commenced an independent equita-
ble action seeking to have the arbitration award
vacated on the ground that the disputed claim
embodied in paragraph 3(b) of plaintiff's amended
complaint was not arbitrable under the arbitration
provisions of the parties' contract.

Since Burroughs properly raised the issue of
arbitrability during its resistance to plaintiff's ef-
forts to compel arbitration and was thereafter
under court order to arbitrate and still sought to
persuade the arbitrator as to the efficacy of defend-
ant's arguments, we cannot hold that defendant's
participation in the proceedings under such cir-

cumstances constituted a waiver of its objections re arbitrability.

5 Am Jur 2d, Arbitration and Award, § 15, pp 531–532, sheds some needful light on the question as to whether defendant's claims even though not waived still come within the limited scope of review which appellate courts accord judgments confirming or vacating arbitration awards. It there states:

"The question of the validity of the basic contract is essentially a judicial question; it may be presented in a proceeding for an order directing arbitration under the statute, or in a proceeding to confirm or vacate the award under the statute.

"In the absence of an agreement to the contrary, the determination whether a particular dispute is arbitrable under an arbitration contract is a legal question for the court rather than for the arbitrators. And generally it is for the court, not the arbitrators, to decide whether the latter have exceeded their powers under the submission, for since the submission is the foundation of the arbitrators' jurisdiction, their construction of it with respect to their own powers is not conclusive."

GCR 1963, 769.9 enumerates the statutory grounds for vacating an arbitration award in Michigan. (1)(c) of this subsection provides for vacation where "[t]he arbitrators exceeded their powers". We construe the latter provision to mean that courts may vacate the award of an arbitrator, even though acting in accordance with the apparent authority granted to him on the face of the submission, when he exceeds his authority through no fault of his own by virtue of the fact that non-arbitrable subject matter has been improperly submitted to him by the trial court. Hence, even though the arbitrator's determinations remained within the scope of the submission, he would in

effect exceed his authority as to the non-arbitrable matters erroneously submitted because of the trial judge's improper determination.

This would mean that the award herein could be vacated if this Court should determine that claim 3(b) was in fact non-arbitrable, such vacation being justified on the grounds that the arbitrator did not possess actual subject matter jurisdiction over the claim and thus inadvertently exceeded his authority in ruling thereon even if apparent jurisdiction over the claim was granted him by the fact of the submission.

When the learned trial judge ordered the disputed claims submitted to arbitration and still later when he confirmed the arbitrator's award he neither made the findings of fact nor conclusions of law which would enable us to perform the role assigned to an appellate court. Hence, we retain jurisdiction of the cause but remand to the trial court with instructions to make the specific findings of fact and conclusions of law as to the vital issues of initial arbitrability of the claims sought to be arbitrated, final payment and acceptance by Detroit, and the effect of the execution of "Change Order No. 4" on the arbitration clause in the original contract.

Costs will abide the final outcome.

All concurred.