DETROIT DEMOLITION CORPORATION v BURROUGHS
CORPORATION

ARBITRATION AND AWARD—MULTIPLE CLAIMS—APPEAL AND ERROR.
  The appellate process would be greatly assisted if an arbitrator in deciding multiple claims addressed himself to each claim individually rather than rendering a blanket award.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 December 14, 1972, at Detroit. (Docket No. 12833.) Decided October 30, 1973. Leave to appeal applied for.

Complaint by Detroit Demolition Corporation against Burroughs Corporation for compensation for services performed, requesting arbitration. Arbitration granted. Arbitration award and judgment for plaintiff. Defendant appeals. Remanded for findings of fact and conclusions of law as to arbitrability of certain claims, and jurisdiction retained, 45 Mich App 72; 205 NW2d 856. Affirmed after remand.

*Charles Rubiner* and *Arthur James Rubiner,* for plaintiff.

*James M. Clabault, William L. Hooth, and Elliot B. Glicksman,* for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Arbitration and Award §§ 124–150.
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam *(after remand).* Our initial decision in the instant case is reported at 45 Mich App 72; 205 NW2d 856 (1973).

The cause was remanded to the trial court to. make specific findings of fact and conclusions of law with respect to "initial arbitrability of the claims sought to be arbitrated, final payment and acceptance by Detroit [Demolition], and the effect of the execution of 'Change Order No. 4' on the arbitration clause in the original contract".[1]

There is no purpose in burdening members of the bar with an extended recital of the factual background which is amply set forth in our prior opinion. Nor would it profit anyone for us to give a detailed summary of the facts found and the conclusions of law stated by the learned trial judge in his carefully drawn opinion. Suffice it to say that the found facts are adequately supported by the record and reasonable inferences which may be drawn therefrom; nor does a review of the record reveal that the trial judge departed from settled principles of law in ordering defendant to submit to arbitration the three claims herein and subsequently confirming the arbitration award.

The sum awarded by the arbitrator was in the aggregate amount of $136,000 although there were three separate claims submitted.

For the guidance of those involved in arbitration proceedings in the future we strongly suggest that the appellate process would be greatly assisted if an arbitrator in deciding multiple claims addressed himself to each claim individually rather than rendering a blanket award.

On the basis of the whole record, we affirm. Costs to the appellee.

---

[1] *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72, 80; 205 NW2d 856, 861 (1973).