## DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v AYVAZIAN

1. Appeal and Error—Arbitration and Award—Scope of Review —Court Rules.

Review by the Court of Appeals of judgments confirming or denying arbitration awards is limited in scope by court rule, and issues regarding the arbitrators' findings of fact and law are not cognizable on appeal (GCR 1963, 769.9[1]).

2. Insurance—Automobiles—Uninsured Motorists—Stacking.

"Stacking" of automobile insurance policies, to allow an insured to recover for injuries under the uninsured motorists provisions of more than one of his insurance policies where he is an insured under more than one policy, has been held constitutional.

3. Insurance—Liability of Insurer—Absolute Liability—Cancellation—Annulment.

The liability of an insurer with respect to insurance becomes absolute whenever injury or damage covered by the insurance policy occurs, and the policy may not be cancelled or annulled as to such liability to a third party by agreement between the insurer and an insured after the occurrence of the injury or damage.

4. Insurance—Named Insureds—Accrued Rights—Abrogation of Rights.

The first-named insured on an insurance policy needs the consent of other named-insured parties before the accrued rights of the other named insureds may be abrogated; therefore, the right of one of the named insureds to recover for injuries suffered while an insurance policy was in force was not terminated when the

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Arbitration and Award § 145.

[2, 3, 5] 7 Am Jur 2d, Automobile Insurance §§ 135–138.

[4] 43 Am Jur 2d, Insurance § 403.

[6] 5 Am Jur 2d, Arbitration and Award § 125.

[7] 7 Am Jur 2d, Appeal and Error § 326; 5 Am Jur 2d, Appeal and Error § 1024.

first-named insured subsequently cancelled the policy retroactively to a date previous to the date of injury.

5. INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—WORKMEN'S COMPENSATION—SET-OFF—STATUTES.

A private insurer who has paid its insured for injuries under an uninsured motorist provision of its automobile insurance policy is not entitled to a reduction in the amount payable by reason of workmen's compensation payments received by the insured; even where an injured party recovers damages from an identified tortfeasor, such a set-off would accrue to the benefit of the workmen's compensation carrier, not to the private insurer (MCLA 418.827[5]).

6. ARBITRATION AND AWARD—ARBITRATOR'S FINDINGS—FORM OF AWARD—SUPPORT FOR AWARD— SUFFICIENCY OF FINDINGS.

There are no requirements relative to form or necessity of factual findings or legal reasoning in support of an arbitration award; findings are sufficient which are specific enough to show how the arbitrators arrived at an award and what award they decided upon.

7. APPEAL AND ERROR—VEXATIOUS APPEAL—PUNITIVE DAMAGES— COURT RULES.

The Court of Appeals will assess punitive damages against an appellant for engaging in a vexatious appeal only in cases of clear abuse of the appellate processes (GCR 1963, 816.5).

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 April 14, 1975, at Detroit. (Docket No. 20350.) Decided June 11, 1975.

Complaint by Detroit Automobile Inter-Insurance Exchange against Steve Ayvazian seeking vacation of an arbitration award. Judgment for defendant. Plaintiff appeals. Affirmed.

*Mather, Glime & Daoust* (by *Herbert J. Rusing*), for plaintiff.

*Halsey, Halsey & Pommerening,* for defendant.

Before: LESINSKI, C. J., and BRONSON and N. J. KAUFMAN, JJ.

N. J. Kaufman, J. Plaintiff, Detroit Automobile Inter-Insurance Exchange (DAIIE), appeals from a Macomb County Circuit Court denial of its motion to vacate an arbitration award rendered in defendant's favor against plaintiff. The arbitration was conducted pursuant to a contract of insurance between DAIIE and defendant Ayvazian which provided that any disputed claims be "settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof".

The disputed claim arose out of an automobile accident which occurred on the evening of February 15, 1972. Defendant Steve Ayvazian and his minor daughter Kathleen were proceeding in an easterly direction on Metropolitan Beach Highway in Harrison Township at approximately 8:45 p.m. Steve Ayvazian was driving at approximately 45 to 50 mph on a roadway covered with blowing snow. Steve Ayvazian testified, and a panel of three arbitrators found, that he was in the process of passing an unidentified vehicle when the other vehicle struck his car on its right side. This collision caused Ayvazian to lose control of his vehicle and veer off the highway onto a median. The Ayvazian vehicle collided with a tree located on the median and both Steve Ayvazian and his daughter Kathleen suffered severe and permanent injuries. The collision caused both occupants of the vehicle to be trapped inside for some time before they were removed by officers of the Sheriff's Department and Fire Department of Harrison Township. The driver of the other vehicle did not stop at the scene of the accident and was never identified.

After hearing several witnesses, the arbitrators stated:

"It is the finding of the arbitrators that plaintiff Steve Ayvazian *could* collect to the extent of $50,000 against the defendant insurance company and that the plaintiff Kathleen Ayvazian *could* collect to the extent of $50,-000 against the defendant insurance company." (Emphasis in original.)

DAIIE petitioned the Macomb County Circuit Court to vacate the arbitrators' award. The circuit court in denying the motion to vacate, stated:

"If the Arbitrators have acted within the lines of duty laid upon them their action will not generally be interfered with. * *  The Court finds that the Arbitrators did not abuse their discretion in this case." (Citations omitted.)

I

On appeal, DAIIE raises five claims of error. Our review of judgments confirming or denying arbitration awards is extremely limited in scope. *Detroit Demolition Corp. v Burroughs Corp,* 45 Mich App 72; 205 NW2d 856 (1973). At common law,

"[t]he arbitrator's determination on the merits will not be reviewed by the court since his decision on issues of fact and law has been agreed by the parties as final and binding upon them. His award is conclusive where proof of fraud, corruption or other misconduct is absent. The measure of court review is limited far beyond review of a lower court's decision." Domke, *Commercial Arbitration,* p 312.

See also *Werner v The Travelers Indemnity Co,* 55 Mich App 390; 222 NW2d 254 (1974).[1]

In this jurisdiction, GCR 1963, 769.9(1) provides the specific and sole grounds for vacating an arbitration award:

"(1) Upon application of a party, the court shall vacate an award where:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

"(c) The arbitrators exceeded their powers; or

"(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing as to prejudice substantially the rights of a party. But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."[2]

Several of DAIIE's claims of error concern the arbitrators' findings of fact and law and, as such, are not cognizable, under Rule 769.9(1), on appeal. DAIIE does not dispute the propriety of submitting

---

[1] This standard has been somewhat qualified to permit possible judicial review where the arbitrator has exhibited a "manifest disregard of the law", as distinguished from a mere error in the interpretation of the law. Domke, *Commercial Arbitration,* p 313. *See also Howe v Patrons' Mutual Fire Ins Co of Michigan,* 216 Mich 560; 185 NW 864 (1921).

[2] GCR 1963, 769.9 applies to "statutory arbitration under RJA Chapter 50." GCR 1963, 769.1. Chapter 50 provides that:

"All persons, except infants and persons of unsound mind, may, by an instrument in writing, submit to the decision of 1 or more arbitrators, any controversy existing between them, which might be the subject of a civil action, except as herein otherwise provided, and may, in such submission, agree that a judgment of any circuit court shall be rendered upon the award made pursuant to such submission." RJA 5001(1); MCLA 600.5001(1); MSA 27A.5001(1).

all issues to the arbitrators. DAIIE argues that defendant's failure to give notice of the hit-run accident pursuant to the insurance policy caused the policy to be void. The arbitrators clearly found that, given the severity of his injuries, defendant's notice was reasonably given under the circumstances.

Plaintiff also attacks the constitutionality of allowing defendant to "stack" insurance policies on two other cars onto the policy covering the car in which he was injured and to recover on all three. The arbitrators correctly found that the Supreme Court in *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 388 Mich 464; 201 NW2d 786 (1972), and *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972), has upheld the constitutionality of "stacking".

DAIIE also contends that defendant should not have been allowed to recover on one of his policies because his daughter had cancelled it. Evidence showed that one of the insurance policies under which defendant claimed recovery covered a 1968 Mercury Cougar which was totally demolished in a November, 1971 accident. In March, 1972, three weeks after defendant's accident, his daughter Sheryl, who was the first-named insured on this policy, contacted DAIIE in order to cancel it. She was informed that she could make her cancellation retroactive to November, 1971 and get a refund of pre-paid insurance premiums from November, 1971 through March, 1972. Apparently unaware of the effect of such a retroactive cancellation on her father's claim, she effected such a cancellation.

Although the arbitrators made no specific finding, the continuing vitality of this policy seems implicit in their finding that defendant could re-

cover on all three insurance policies.[3] The arbitrators did find that, at the time of the accident, both parties believed the premium paid on the disputed policy to be in existence. The trial court held that "[s]ince coverage existed at the time the accident occurred that coverage would have continued from that moment on regardless of the subsequent acts of the parties".

An examination of the law supports the circuit court's holding. If the arbitrators resolved this issue, review is precluded. If not, it is clear that:

"The liability of the insurer with respect to insurance * * * becomes absolute whenever injury or damage covered by such policy occurs. The policy may not be canceled or annulled as to such liability by agreement between the insurer and the insured after the occurrence of the injury or damage." 1 Long, The Law of Liability Insurance, § 3.25, pp 3–83–84.

See also *Nash v New York Life Insurance Co,* 272 Mich 680; 262 NW 441 (1935). The first-named insured needs the consent of other named insured parties before the accrued rights of the others may be abrogated. 17 Couch on Insurance 2d, § 67:230, p 532. Defendant's daughter's actions cannot be held to abrogate defendant's rights which had accrued on the date of the accident.

---

[3] It is arguable that a finding by the arbitrators as to the validity of the disputed policy represents a determination of their jurisdiction. If no policy existed, no arbitration could take place. If this is true, the broad discretion accorded arbitrators would indicate that an arbitration panel be given jurisdiction to make a factual finding as to its own jurisdiction. See Domke, *supra,* at pp 99–103, where the author notes that, in labor law, the U.S. Supreme Court has held that arbitrability shall be determined by the arbitrator unless the contract specifically exempts the dispute from arbitration. The author notes that, in commercial arbitration, the prevailing judicial trend favors a court determination of arbitrability in the absence of a contrary contract provision. However, this trend shows signs of reversal. *See e. g. DeLaurentiis v Cinematografica de Las Americas,* 9 NY2d 503; 215 NYS2d 60; 174 NE2d 736 (1961).

DAIIE next claims that defendant's recovery under his policies with plaintiff should be reduced by an $18,000 workmen's compensation award received by defendant. The arbitrators were not presented with this claim, but the trial court rejected the contention. DAIIE contends that it is obligated by contract to pay "all sums which the insured shall be legally entitled to recover as *damages* * * * ". (Emphasis in original.) It argues that, if the other driver were known and if Ayvazian had brought suit, then he would have to reimburse the compensation carrier out of his recovery for compensation payments. Thus, plaintiff claims, defendant should get no more from his uninsured motorist coverage than he could get as a result of suing a known tortfeasor. Having found neither statutory nor contractual basis for this claim we reject DAIIE's argument. First, the workmen's compensation scheme specifically sets out a right of subrogation for the compensation carrier, and does not extend it to a private carrier, MCLA 418.827(5); MSA 17.237(827)(5). DAIIE presents nothing to show the invalidity of this legislative classification. Second, the contractual term "legal damages", in the absence of a specific provision for workmen's compensation benefits, refers only to the amount of damages recoverable in a court of law—that amount required to compensate for injuries. Third, as defendant states, Michigan law requires a specific contractual provision for reduction for workmen's compensation benefits, *Bonney v Citizens' Mutual Automobile Insurance Co,* 333 Mich 435; 53 NW2d 321 (1952). See also Anno, *Insured's Receipt of or Right to Workmen's Compensation Benefits as Affecting Recovery Under Accident, Hospital or Medical Expense Policy,* 40 ALR 3d 1012, 1016. There is no specific provision

in the contract between plaintiff and defendant which even obliquely mentions workmen's compensation benefits or provides for such a set-off. Finally, even if the hit-and-run driver had been identified and had been sued by Ayvazian, any recovery would, under § 827(5) of the Workmen's Compensation Act, accrue to the benefit of the compensation carrier, not to DAIIE.

Plaintiff's final claim is that the arbitrators, contrary to Rule 769.9, exceeded their powers by acting under manifest mistake of fact and law. We disagree. Plaintiff bases this contention solely on its four other claims of error, all of which we have determined to be without foundation. As defendant notes in his well-reasoned brief, plaintiff's arguments refer more to the form of the arbitrator's findings than to their content. Plaintiff complains of ambiguity and of a lack of specificity in the findings. As defendant states, "Michigan law mandates no requirements relative to form or necessity of factual findings or legal reasoning in support of an award."[4] We find the findings specific enough to show how the arbitrators arrived at an award and what award they decided. *LeBlanc v Beard Paper Co,* 320 Mich 632; 32 NW2d 73 (1948).

## II

Defendant Ayvazian contends that plaintiff has engaged in a vexatious appeal and requests this Court to assess punitive damages against plaintiff pursuant to GCR 1963, 816.5. That rule provides:

"(1) The court may, upon its own motion, or the

---

[4] *See* 5 Am Jur 2d, Arbitration and Award, § 127, p 614:

"Unless the statute or the submission agreement requires separate findings on each matter considered, it is not necessary for the award to enumerate each matter considered and it is not necessary that there be special findings of fact or conclusions of law."

motion of any party, dismiss an appeal, assess punitive damages or take other disciplinary action when it has been determined that an appeal or any of the proceedings therein was vexatious by reason:

(a) That an appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or

(b) That any pleading, motion, argument, petition, brief, document or record filed in the cause or any testimony presented in the cause was grossly lacking in the requirements of propriety or grossly disregarded the requirements of a fair presentation of the issues to the court.

"(2) Punitive damages as herein provided shall not exceed an amount equivalent to actual damages and expenses incurred by the opposing party, including reasonable attorney's fees, and an added amount not exceeding 10 per cent of any judgment for money damages awarded in the lower court or tribunal."

This Court will grant such damages "only in cases of clear abuse of the appellate processes". 6 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 194.

Defendant contends that "a careful examination of the arguments advanced by appellant reveal nothing more than a challenge of well settled authority or a purposeful avoidance of existing authority on point". While we feel that defendant's claim is not without some merit, we do not find this to be an appropriate case for such extraordinary relief. We find no evidence of malicious intent on plaintiff's part in bringing this appeal. Plaintiff's claims were, by the nature of an appeal from arbitration, severely limited. While plaintiff's arguments were not particularly forceful in light of that limited scope, they were not so frivolous or lacking in authority as to be deemed vexatious.

Affirmed. Costs to defendant.