RISMAN v GRANADER

Docket No. 48297. Submitted February 10, 1981, at Detroit.—Decided May 21, 1981.

William B. Risman and Robert R. Risman, as managing joint venturers of Westland Towers Apartments, brought a demand for arbitration pursuant to the terms of their joint venture agreement with Charles Granader and Harry Granader seeking relief under the provisions of the agreement following a refusal by the Granaders to make additional capital contributions to the joint venture as required by the agreement. Following hearings, a panel of arbitrators entered an award directing both the Rismans and the Granaders to make certain payments into the joint venture. The Rismans applied to Wayne Circuit Court to vacate the award. The court vacated the award and remanded the dispute to the arbitration panel for further consideration. The panel subsequently issued a modified award. The Rismans again applied to vacate the award in Wayne Circuit Court, which confirmed the award, Harold Hood, J. The Rismans appeal, alleging that the arbitration panel exceeded its authority and that the circuit court erred in failing to vacate the award on the grounds that the panel made a blanket award rather than making separate awards on each claim and that it refused to hear certain evidence offered by the Rismans which was material to the controversy. *Held:*

1. The record reveals that the arbitration panel did not exceed its authority in making the award.

2. The arbitration panel was not required to make a separate award for each claim. The award as made was sufficient.

3. The record reveals that plaintiffs were given a full and fair

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 145, 184 *et seq.*
   Construction and application § 10 (a-d) of United States Arbitration Act of 1947 (9 USCS § 10 (a-d), providing grounds for vacating arbitration awards. 20 ALR Fed 295.
[2] 5 Am Jur 2d, Arbitration and Award § 136.
[3] 5 Am Jur 2d, Arbitration and Award §§ 111, 127.
   Necessity that arbitrators, in making award, make specific or detailed findings of fact or conclusions of law. 82 ALR2d 969.

opportunity to present all pertinent facts to the arbitration panel at the original hearing. The panel was not ordered by the circuit court on remand to make additional findings of fact. The panel's denial of permission to present new facts prior to its issuance of the modified award does not constitute grounds to vacate the award.

4. The lower court properly confirmed the arbitration award. Affirmed.

1. ARBITRATION — ARBITRATION AGREEMENTS — ARBITRATION AWARDS — APPEAL.

The fact that a party to an arbitration agreement may receive some benefit from an award made following arbitration under the agreement does not constitute sufficient grounds to set aside the award.

2. ARBITRATION — ARBITRATION AWARDS — MULTIPLE-CLAIM ARBITRATION CASES.

An arbitrator need not render individual awards for each claim in a multiple-claim arbitration case and may make a blanket award, although individual awards are preferable.

3. ARBITRATION — ARBITRATION AWARDS — REMAND.

It is not necessary for an arbitrator upon a vacation of an arbitration award and remand of the case to the arbitrator by a trial court to conduct further fact-finding where the parties were given a full and fair opportunity to present all pertinent facts during the original hearing and the order of the court did not require additional findings of fact.

*Tucker, Barbour & Mack,* for plaintiffs.

*Lawrence J. Stockler, P.C.,* for defendants.

Before: M. J. KELLY, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Plaintiffs appeal as of right an August 24, 1979, lower court order confirming a modified arbitration award. We affirm.

We summarily reject plaintiffs' argument that the members of the arbitration panel exceeded their authority. Specifically, plaintiffs contend that the arbitration panel exceeded its authority be-

cause it assessed an award against Realtek Industries, Incorporated, and provided that the award be paid to Westland Towers Apartments and indirectly to Donald Horace. Plaintiffs note that even though the modified arbitration award deleted the name of Realtek Industries, the amount of the award remained unchanged, and, hence, the award still sought to hold Realtek liable.

There is no dispute with the fact that Realtek was not a party to the arbitration agreement. However, the arbitration panel's award should be taken at face value. The modified award makes no mention of Realtek, and, moreover, there is no indication that plaintiffs were not subjected to personal liability for the several claims made against them in the arbitration dispute.

It is apparent that the claims submitted by the defendants to the arbitration panel were directed against plaintiffs for mismanagement. It would be incorrect to construe these claims as being directed against Realtek.

Nor did the arbitrators exceed their authority because their award enured to the benefit of Donald Horace and Westland Towers Apartments. The partnership agreement incorporated all of the terms and conditions of the joint venture agreement. It is clear that the partnership agreement itself bound all of the parties to an agreement to arbitrate all disputes arising out of the agreement. Because the partnership itself was a party to the agreement, the fact that it, or one of the individual partners, may have received some benefit from the arbitration award is not sufficient to have that award set aside.

Plaintiffs next argue that the lower court erred in failing to vacate the arbitration award because the arbitrators rendered a blanket award rather

than a separate award for the specific claims presented to it. However, while this Court has suggested on prior occasions that arbitrators should address themselves to each claim in a multiple-claim case rather than render a blanket award, it is not necessary for arbitrators to do so. See *Detroit Demolition Corp v Burroughs Corp,* 50 Mich App 129; 212 NW2d 827 (1973), *rev'd on other grounds* 392 Mich 769; 219 NW2d 613 (1974), *E E Tripp Excavating Contractor, Inc v Jackson County,* 60 Mich App 221; 230 NW2d 556 (1975), *lv den* 394 Mich 834 (1975).

The fact that the arbitrators did not address in their award each of the individual claims presented to them is not sufficient under these facts and on this record to require that the award be vacated. *Cf. North American Steel Corp v Siderius, Inc,* 75 Mich App 391; 254 NW2d 899 (1977), where the panel was ordered to make specific findings of fact and had not complied. It would be inappropriate on the facts of this case to establish a rule of law requiring arbitration panels in all cases to individually address multiple claims—particularly so since this record does not contain a complete list of the various claims submitted to arbitration.

Plaintiffs' final argument is that the lower court erred in failing to set aside the award because the arbitrators refused to hear evidence material to the controversy. See GCR 1963, 769.9(1)(d). Our examination of the record indicates that the arbitrators did give plaintiffs a full and fair opportunity to present all pertinent facts to the arbitration panel the first time that this case was submitted to it. We note, in particular, that the lower court order vacating the original arbitration award and remanding this controversy to the arbitration panel did not order the panel to conduct further

fact-finding. Further, although plaintiffs allege that new and additional facts should have been submitted to the arbitration panel on remand, plaintiffs do not indicate what these new facts are, nor have they established that these facts are material. Therefore, the fact that plaintiffs were denied permission to present new facts to the arbitration panel prior to the panel's issuance of this amended award does not require that that award be vacated.

Affirmed.