In re CONSOLIDATED INDUSTRIES CORP., Debtor.

TIG Insurance Company, Plaintiff,

v.

Daniel L. Freeland, Trustee, Enodis Corporation and Friedrich Air Conditioning Company, Inc., Defendants.

and

Mike Stefanyshyn, et al. Intervenors.

and

ACE American Insurance Company, Plaintiff,

v.

Daniel L. Freeland, Trustee, and Enodis Corporation, Defendants.

and

Mike Stefanyshyn, et al., Intervenors.

Bankruptcy No. 98–40533.
Adversary Nos. 02–4064, 03–4008.

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

May 14, 2004.

See also 330 B.R. 227.

J. Joseph Bainton, New York City, John Burns, Fort Wayne, IN, for Enodis.

Catherine Steege, Joel Pelz, Terri Brieske, Chicago, IL, for Daniel L. Freeland.

Bradford S. Moyer, Kalamazoo, MI, James J. Shea, Fort Wayne, IN, Mary Kathryn Martin, Paul Janaskie, McLean, VA, Stephen M. Kelley, St. Clair Shores, MI, for TIG Insurance.

Leonard E. Eilbacher, Fort Wayne, IN, Paul Alp, Washington, DC, for ACE Insurance.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This litigation has its roots in a decision the court issued on November 7, 2001 in adversary proceeding 00–4027, *Enodis Corporation vs. Wausau Insurance Company, et al.* In that litigation, Enodis Corporation, the debtor's former parent, sought a declaration concerning its right to cancel liability insurance it had previously acquired for the debtor. The court concluded that it was entitled to be relieved of the automatic stay so that it could attempt to cancel a policy issued by Employers of Wausau. In reaching this conclusion, the court made the following observation:

> The court must acknowledge that it is intrigued by the possibility that insurance could be cancelled years after the term of that coverage has expired and after claims have been made against it. Nonetheless, in order to obtain relief from the stay, Enodis was not required to prove that it can actually do so. It is sufficient for it to prove that it has a "colorable claim" concerning the opportunity for cancellation and the policies in question do provide that Welbilt may cancel them. *Cf., Matter of Vitreous Steel Products, Co.,* 911 F.2d 1223, 1234 (7th Cir.1990)(questions concerning the validity of liens are not at issue under § 362(d), only whether there is a colorable claim to a lien). Accordingly, the court does not hold that Plaintiff may actually succeed in canceling the policies—that will be a matter between it and the insurance carriers. The court holds only that it has established a colorable claim that it may do so. *Id.* at pgs. 8–9.

In a footnote, the court continued: "In a similar fashion ... the court expresses no opinion concerning the effect any cancellation might have upon [the insurers'] obligations under the policies." *Id.* pg. 9, n. 3. The present litigation gives the court the opportunity to answer the questions which it previously only pondered.

By orders issued on March 22, 2002 and January 24, 2003, the court relieved Enodis of the automatic stay so that it could attempt to cancel the debtor's insurance

coverage under policies issued by the plaintiffs in these two adversary proceedings, TIG Insurance Company and ACE American Insurance Company. Having won the opportunity to make the attempt, Enodis proceeded to exercise that right, and, by letters issued to those carriers, demanded that they cancel insurance coverage to the extent it purported to confer any benefit upon the debtor, its vendors and any other entity to whom Consolidated might otherwise owe a duty. The trustee responded by advising the carriers not to cancel the insurance to the extent it provided defense and indemnify coverage for the debtor. This litigation then ensued, with the insurance companies, who take no position whatsoever with regard to the issues before the court, seeking declaratory judgments concerning their obligations in the face of the conflicting instructions they received from Enodis and the trustee. The intervening defendants claim to have sustained injuries as a result of allegedly defective furnaces manufactured by the debtor and that their losses may be covered by the insurance plaintiffs issued.

Although the parties raise a number of arguments, most of them are extraneous to the underlying issues presented by this litigation, which are relatively simple and straightforward. They concern the effect of Enodis' attempted cancellation of the debtor's coverage under the insurance policies issued by the plaintiffs. Indeed, the answers to those questions are so clear that the court is surprised that the plaintiffs felt it necessary to seek a declaration concerning them.

■ "The right to cancel is the right to terminate a policy prior to its expiration...." *Couch on Insurance 3d*, § 30:1. *See also, State Farm Mutual Automobile Insurance Company v. White*, 563 F.2d 971, 974 Note 2 (9th Cir.1977); *Hibler v. Conseco Inc.*, 744 N.E.2d, 1012, 1018 (Ind.

Ct.App.2001) citing *American Family Mutual Insurance Company v. Ramsey*, 425 N.E.2d, 243, 244 (Ind.Ct.App.1981).

■ "[C]ancellation ... terminates the policy as of the time when cancellation becomes effective. In other words, cancellation of a policy operates prospectively...." *Couch 3d*, § 30:3. It "cuts off all rights of the insured, and bars recovery on the policy for any *subsequent* accident." *Couch 3d*, § 30:22. (emphasis added) "Since cancellation takes effect only from the time of cancellation and does not operate retroactively, it follows that if the insured's rights have become vested by the occurrence of a loss, a subsequent cancellation or attempted cancellation does not relieve the insurer from liability...." *Couch 3d*, § 30:25. "[C]ancellation by the insured is ineffective to relieve the insurer from liability for accidents that occur before cancellation occurred ..." and if "a loss occurs prior to the receipt of the cancellation by the insurer, public policy protects the injured third party." *Couch 3d*, § 31:36. Thus, "cancellation of an insurance policy terminates the contract, and the parties are relieved from any liability that might otherwise accrue under the policy, though not from liability already accrued." *Couch 3d*, § 31:49. *See also, Commercial Union Assurance Co. of Australia Limited v. Hartford Fire Insurance Co.*, 86 F.Supp.2d 921, 930 (E.D.Mo.2000); *Lumbermens Mutual Casualty Company v. Iowa Home Mutual Casualty Company*, 405 P.2d 160, 164–165 (Okla.1965); *Fageol Truck and Coach Co. v. Pacific Indemnity Co.*, 18 Cal.2d 731, 742, 117 P.2d 661 (1941); *Commercial Credit Co. v. Eisenhour*, 28 Ariz. 112, 236 P. 126, 128 (1925); *Plumlee v. Monroe Guaranty Insurance Company*, 655 N.E.2d 350, 355 (Ind.Ct. App.1995); *Bassett v. Federal Kemper Insurance Company*, 565 S.W.2d 823, 825–826 (Mo.Ct.App.1978); *Detroit Automobile*

*Inter–Insurance Exchange v. Ayvazian,* 62 Mich.App. 94, 233 N.W.2d 200, 203 (1975); *Connecticut General Life Insurance Company v. Lockwood,* 84 S.W.2d 245, 246 (Tex.App.1935).

The TIG policy covered the period September 30, 1997 to September 30, 1998. The ACE policy covered the period September 30, 1998 to September 30, 1999 and was extended by renewals to September 30, 2001. Both policies expired by their own terms before Enodis attempted to cancel them. Those attempts were therefore ineffective and had no impact with regard to claims which might have arisen prior thereto.

Judgment will be entered accordingly.