*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

GRACE BARRETTA-BIONDO and MARIA
BARRETTA-AMATO,

      Plaintiffs-Appellants,

v

MARGARET J. SHELLENBARGER,

      Defendant-Appellee.

UNPUBLISHED
July 28, 2022

No. 356890
Macomb Probate Court
LC No. 2020-235429-CZ

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

HOOD, J. (*concurring*).

I concur in the analysis and legal conclusions contained in the majority opinion with one exception. I would not assess costs against plaintiffs' attorney for vexatious litigation because the appeal has not satisfied any of the standards under MCR 7.216(C)(1). MCR 7.216(C)(1) provides:

> The Court of Appeals may, on its own initiative or on the motion of any party filed under MCR 7.211(C)(8), assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because
>
> > (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or
> >
> > (b) a pleading, motion, argument, brief, document, record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court.

Illuminating is this Court's statement that it "will grant such damages only in cases of clear abuse of the appellate processes." *Detroit Auto Inter-Ins Exch v Ayvazian*, 62 Mich App 94, 103; 233 NW2d 200 (1975) (quotation marks and citations omitted).[1]

Here, the majority has not precisely stated the basis for its conclusion that vexatious litigation sanctions are appropriate, and I do not believe that one exists. The basis for the costs appears to be the conclusion that res judicata precludes plaintiffs' arguments on appeal related to coercion and undue influence, since the probate court previously determined there was no such evidence in the action admitting the wills to probate, and plaintiffs did not appeal that decision. Although sanctions under MCR 7.216 are discretionary, it cannot be the case that a conclusion that res judicata bars a claim automatically triggers this discretion. MCR 7.216(C)(1) appears to require more, such as a purpose of delay, a lack of any reasonable basis for believing the issue had merit, or grossly lacking in the requirements of propriety or fair presentation of the issues. See MCR 7.216(C)(1). I do not believe any of these aggravating factors to be present.

For these reasons, I concur in the result and dissent as it relates to award of costs for vexatious litigation.

/s/ Noah P. Hood

---

[1] Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), we nevertheless can consider them as persuasive authority. *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW 2d 353 (2012).