**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and its Local Union No. 1164, Petitioners,**

v.

**ALLIS–CHALMERS CORPORATION, a Delaware Corporation, Respondent.**

Civ. A. No. 77–C–673.

United States District Court,
E. D. Wisconsin.

March 21, 1978.

George F. Graf, James P. Maloney, Milwaukee, Wis., for petitioners.

Nicholas T. Jordan, Allis-Chalmers Corp., West Allis, Wis., for respondent.

DECISION AND ORDER

REYNOLDS, Chief Judge.

The petitioner union in this action has filed a petition to compel arbitration by the defendant Allis-Chalmers Corporation with respect to seven grievances * certified by petitioner to an impartial referee pursuant

---

\* Petitioner in Paragraph 9 of its petition to compel arbitration states that there are "at least six grievances" involved. As appears from Exhibit 1 to the respondent's answering brief and from statements of attorneys for both parties during oral argument, in fact there are seven grievances involved.

to the provisions of a collective bargaining agreement entered into between the parties. Respondent alleges that it has agreed to arbitrate the seven grievances in accordance with the terms of the agreement and asserts that the petition is moot. For the reasons hereinafter stated, the Court finds that the petition is not moot, and further finds that it should be granted on such terms as are set forth below.

The collective bargaining agreement sets forth a three-step procedure for certification of grievances:

"*Section D. Impartial Referee Hearing*

"The steps in certifying a grievance for hearing by an Impartial Referee are:

"1. The certifying party shall notify the other party in writing of the grievance which is being certified.

"2. The certifying party shall forward to the Impartial Referee a copy of the grievance and answer, with a copy of such communication to the other party.

"3. The Impartial Referee shall fix a mutually convenient time for a hearing."

The parties are agreed that the seven grievances are at the third step and have been set or will soon be set for hearing by the referee.

As appears following oral argument held on this matter on December 16, 1977, the position of the petitioner is in essence as follows: it claims that, while respondent appears to have agreed to arbitrate the seven grievances which are the subject of this action, it has attached a condition to arbitration of the grievances not provided for in the collective bargaining agreement; specifically, that all grievances be heard in a certain order. It is petitioner's position that once it has notified the respondent of its intention to take a grievance to arbitration, it has satisfied its duties under the agreement and thereafter may refer the grievances to the referee in any order. That is, petitioner claims that there is no "duty to proceed" with the noticed grievances but, instead, that it may proceed with them in any order without affecting the arbitrability of or its ability to recover on prior noticed grievances which have not

been referred to the arbitrator. Petitioner claims that the imposition of a condition as to order by the respondent constitutes a refusal to arbitrate the seven grievances in accordance with the terms of the agreement.

The position of the respondent is in essence that once the union has completed step one of the grievance procedure by notifying respondent of its intention to proceed to arbitration, the union has a "duty to proceed" and must refer the matter to an arbitrator in the order of notification. Respondent also claims, however, that this issue is not before the court because the respondent has agreed to arbitrate the seven grievances which have been referred to the arbitrator and the union has not yet referred any earlier grievances to the arbitrator, and, therefore, the issue of whether or not the company will refuse to arbitrate such grievances when and if referred does not arise.

By raising the possibility of foreclosure of the union from pursuing earlier grievances following certification of the seven subject grievances to the referee, however, the Court believes that respondent has in fact created an issue of its compliance with the terms of the collective bargaining agreement with respect to those seven grievances, and has attempted to impose a condition on arbitration of those seven which may or may not be permissible within the terms of the collective bargaining agreement.

█ The Court will not decide whether or not the condition imposed is a permissible one. Compliance with the grievance procedure is a threshold issue for the referee and not for the Court to determine. As stated in *John Wiley & Sons, Inc. v. Livingston, President of District 65, Retail, Wholesale and Department Store Union, AFL–CIO,* (1964) 376 U.S. 543 at 557, 84 S.Ct. 909 at 918, 11 L.Ed.2d 898:

"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow

out of the dispute and bear on its final disposition should be left to the arbitrator. * * * "

See also *Local 81, American Federation of Technical Engineers, AFL–CIO v. Western Electric Company, Inc.,* 508 F.2d 106 (7th Cir. 1974).

In this case there is no dispute between the parties that the subject matters of the grievances are arbitrable. The petitioner states in its brief in support of its petition that it has, "in the spirit of cooperation, agreed to have the question of the order or arbitrability decided by the Impartial Referee as a threshold issue." (Brief at page 2.) The union, by its attorney, informed the Court at oral argument on December 16, 1977, that it, too, was willing to submit the issue of the order of arbitrability to the referee. Since it is the respondent, through its objection to the procedure being followed by petitioner, which has raised the issue of order of arbitrability as a precondition to arbitration of the seven grievances, the Court finds that the burden should be placed on the respondent to certify the procedural issue of the order of arbitrability to the impartial referee for arbitration.

For the foregoing reasons,

IT IS ORDERED that within thirty days from the filing date of this order the respondent Allis-Chalmers Corporation shall notify the petitioner union of its intention to certify the issue of the order of arbitrability of grievances to the impartial referee and forward to the impartial referee a copy of its notice to petitioner and of this decision and order, or be thereafter foreclosed from raising the issue of the order of arbitrability as grounds for refusing to proceed to arbitration of any grievance otherwise properly certified for arbitration by the petitioner union.