Fuld, J.
On January 3,1956, the respondent Board of Education entered into a contract with Heckler Electric Company for the electrical work in the Junior and Senior High Schools which were to be constructed at Great Neck, New York. This contract was made ‘ ‘ pursuant to the provisions of the Education Law” and subject to annexed “General Conditions”. These “ General Conditions” provide that “the Architect shall, within a reasonable time, make decisions on all claims of the Owner or Contractor and on all other matters relating to the execution and progress of the work or the interpretation of the Contract Documents ” and that arbitration may be had either upon the architect’s decision or upon his failure to make a decision within 10 days after the parties have presented their evidence. Notice of the demand for arbitration must be made within 10 days after receipt of the architect’s decision, or, if the architect fails to make a decision, within a reasonable time after the dispute has arisen.
According to its contract, Heckler was required to perform its work “ as construction progresses and not later than — in accordance with the progress of the General Contractor ”. And under the general construction contract, reference to which is made in Heckler’s contract, July 31, 1957 was established as the completion date. Furthermore, Heckler’s contract, as well as *480 those of all the other contractors, requires that the contractor for general construction and all other contractors and subcontractors “ coordinate their work with adjacent work and coordinate with other trades so as to facilitate general progress of work”; it also provides that, “ in event of any dispute arising as to possible or alleged interference among various Contractors which may retard progress of work, same shall be adjusted by Architects whose decision as to parties at fault and as to manner in which matter may be adjusted shall be binding and conclusive on all parties ”, The final relevant contractual provision bind ing on all of the contractors is that under which the Board of Education is empowered to compel progress toward timely completion through the exercise of a termination clause against any contractor who fails “to prosecute the work or any part thereof with [sufficient] * * * diligence ” or otherwise substantially violates any of its contractual obligations.
In April of 1957, Heckler wrote a letter to the board in which it complained that the work of the general contractors was “ slow, sporadic and lax” and had been “ permitted [by the Board of Education] to lag” and requested an extension of time under their contract. In July of 1958, and again in August of 1958, Heckler wrote letters, this time addressed to the Board of Education as well as to the contract architects, claiming that it had ‘ ‘ been substantially delayed in the performance and completion” of its work as a result of “the failure of [the board] to coordinate the work of the several contractors and by acts of the other contractors ”; it estimated its damages as a result of this delay as $312,477.28 and made a claim against the board in that amount invoking the contractual provision for a determination of its claim by the architects.
No decision having been made by the architects, Heckler, in early September, 1958, made a demand for arbitration in which it advanced two claims: (1) $312,477.28 as damages sustained by reason of “ delays of and interferences in the performance of work * * * by reason of acts of the Board of Education, the failure of the Board of Education to coordinate the work of the several contractors performing work at the site of the project involved and the acts óf the other contractors ” and (2) $11,979.67 for extra work. About two weeks later, the board moved for a stay of arbitration, alleging that, first, there had not *481 been compliance with the notice provisions of section 3813 of the Education Law;[1] second, the primary claim set forth in the demand for arbitration is not arbitrable under the contract between the board and Heckler; and, third, the primary claim in the demand for arbitration is “so indefinite, uncertain and vague as to make it an improper submission for arbitration The court at Special Term denied the requested stay, but the Appellate Division, two justices dissenting, reversed and granted it, assigning as the primary ground for reversal Heckler’s failure to comply with section 3813.
Before considering whether section 3813 is applicable to arbitration proceedings and, if it is, whether it bars Heckler’s right to arbitration in this case, we must determine whether the applicability of the section is to bo decided by the court or by the arbitrators. In our opinion, it is clearly the kind of issue for the court to pass upon, involving as it does a condition precedent to Heckler’s very right to arbitration and the arbitrator’s very jurisdiction.
Although, on occasion, this court has used very broad language to the effect that “ the only issues a court may deal with on * * * [an application for a stay of arbitration] are as to ‘ the making of the contract or submission or the failure to comply therewith’” (Matter of Paloma Frocks [Shamokin Sportswear Corp.], 3 N Y 2d 572, 574; see, also, Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 80), we did not mean thereby to suggest that the arbitrator possesses the power to decide whether the conditions precedent to the institution of the arbitration proceeding itself had been fulfilled. In fact, in Matter of Lipman (Haeuser Shellac Co.) (289 N. Y. 76, supra), where the matter of the cancellation of a contract of arbitration *482 was held to be an issue for the arbitrators rather than the court, we expressly noted that “ a different question would be here * * * if there were any conditions precedent ” (p. 79). And in Matter of Cauldwell-Wingate Co. (New York City Housing Auth.) (287 N. Y. 853), in which an application to compel arbitration was denied on the ground that the petitioner had failed to demand arbitration within the time prescribed by the contract, it was this court’s view that the contract itself made compliance with its “ time ” provisions a condition precedent to arbitration, with the consequence that failure to act within the specified time deprived the petitioner of its right to arbitration. (See, also, Matter of Levine Bros. Iron Works Corp. [Constitution Sg.], 279 App. Div. 912, motion for leave to appeal denied 304 N. Y. 986; Matter of Ketchum & Co. [Allied Trades Council], 20 Misc 2d 736; Matter of Shine’s Restaurant [Waiters & Waitresses Union], 20 Misc 2d 737; Matter of Mark Cross Co. [Ellis], 15 Misc 2d 947, 949-950; Boston Mut. Life Ins. Co. v. Insurance Agents’ Int. Union, 258 F. 2d 516, 522.)
Section 3813 of the Education Law provides, in effect, that no action or special proceeding may be maintained against a school district or board of education ‘ ‘ unless it shall appear * * * that a written verified claim upon which such action or special proceeding is founded was presented” to the district’s governing body “ within three months after the accrual of such claim ”. This unquestionably constitutes the making of a claim to the school district within three months after its accrual a condition precedent to an action or special proceeding. Accordingly, if section 3813 applies to arbitration proceedings, it establishes a condition precedent to arbitration and, therefore, whether or no the condition was satisfied is for the court, not the arbitrators.
As we have already noted, section 3813 explicitly and broadly refers to any “ action or special proceeding ”, and section 1459 of the Civil Practice Act in so many words provides that ‘ ‘ Arbitration of a controversy under a contract * * * shall be deemed a special proceeding”. The enactment of section 1459 was motivated by the desire to overcome the effect of Matter of Interocean Mercantile Corp. (Hoops) (204 App. Div. 284, 286, affd. 236 N. Y. 587) — holding that arbitration was not a special proceeding under section 308 of the Civil Practice *483 Act which sanctioned the taking of testimony by deposition “ in a special proceeding” (see Matter of Hosiery Mfrs. Corp. v. Goldston, 238 N. Y. 22, 26; Matter of Interocean Mercantile Corp. [Buell], 207 App. Div. 164,165) —but that does not mean that the Legislature denominated arbitration a ‘ ‘ special proceeding ” solely for the purpose of sanctioning the taking of depositions under section 308. In the light of the language adopted by the Legislature, broad and unlimited as it is, there is no warrant for saying that the salutary purpose of section 3813 of the Education Law — to give a school district prompt notice of claims “ so that investigation may be made before it is too late for investigation to be efficient” (Winbush v. City of Mt. Vernon, 306 N. Y. 327, 333) — applies any less to arbitration of claims asserted against a school district than to actions brought against it.
Nor does any provision of the particular contract before us indicate that section 3813 was not intended to be applicable to the present case.
Under the statute, the contractor must present his claim to the Board of Education within three months after its accrual, and the board is given 30 days in which to arrive at a decision. Under the contract, if the decision of the boárd is adverse to the contractor, he may submit the dispute to the architect (art. 39). And, if he is dissatisfied with the architect’s decision, he is privileged to seek arbitration, but “ the demand therefor shall be made within ten days ” of the receipt of the decision (art. 40). As is manifest, neither the provision of the contract for the architect’s decision of disputes nor the provision for an ‘ ‘ appeal ’ ’ therefrom to arbitration comes into effect until the contractor first presents Ms basic claim to the board pursuant to section 3813. This being so, Heckler is mistaken in urging that it is impossible to comply with the contractual reqmrement that arbitration be demanded within 10 days after the architect’s decision as well as with the statutory demand that the board have 30 days in which to consider any claim. The 30-day period afforded the board for consideration of the claim occurs before the matter is presented to the architect for decision, while the 10-day period within which arbitration must be demanded begins to run only after the architect’s decision. Thus, the supposed conflict between the provisions of the statute and the provisions of the contract simply does not exist.
*484 Since, therefore, section 3813 applies to the present .arbitration proceeding, and since Heckler has concededly failed to comply with its provisions, the stay of arbitration granted to the Board of Education by the Appellate Division was proper. '
The order of the Appellate Division should be affirmed, with costs.

. Section 3813 of the Education Law, insofar as relevant, reads as follows:
“ 1. No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or claim against the district, or involving- its rights or interests shall be prosecuted or maintained against any school district, board of education, or any officer of a school district or board of education, unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.”