**LOCAL 542, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL–CIO, Plaintiff,**

v.

**PENN STATE CONSTRUCTION, INC., Defendant.**

Civ. No. 72–415.

United States District Court, M. D. Pennsylvania.

March 27, 1973.

Hourigan, Kluger & Spohrer, Wilkes-Barre, Pa., for plaintiff.

Ambrose R. Campana, Williamsport, Pa., for defendant.

OPINION

MUIR, District Judge.

On March 22, 1973, the undersigned judge granted the motion of Defendant Penn State Construction Company for a stay of proceedings in this action under § 301 of the National Labor Relations Act, 29 U.S.C. § 185, pending arbitration. Because the motion had been filed late in the proceedings and became ripe for decision on the day before the trial, the court lacked sufficient time adequately to prepare an Opinion which would set forth the basis of its decision and which could be filed concurrently with the Order granting the motion. This Opinion will fill that void.

The plaintiff union filed its complaint on August 15, 1972, alleging that the defendant company had violated the collective bargaining agreement between Plaintiff and Defendant by hiring non-union employees. Plaintiff requested injunctive, declaratory and monetary relief. The defendant company in its answer denied that it was bound by the agreement, contending that its agent had lacked authority to sign the contract on its behalf. It maintained this position until February 23, 1973 (three

days after the final pre-trial conference), at which time it admitted such authority. On March 6, 1973, it filed the motion for a stay which is the subject of this Opinion.

The plaintiff union does not claim that the alleged hiring of non-union personnel is not a proper subject for arbitration. It insists, however, that the defendant company has waived its right to invoke arbitration, and advances two independent arguments in support of this position.

First, Plaintiff asserts that the contract requires that the grievance procedure be commenced within twenty-four hours of the time the dispute arises. Except as misquoted by Plaintiff in its brief,[1] the pivotal sentence of the contract does not yield unequivocally to the interpretation urged by Plaintiff. That sentence reads as follows: "Either party shall be entitled to invoke the grievance procedure by calling a meeting *within twenty-four (24) hours' notice.*"[2] Plaintiff asserts that the italicized phrase means "within 24 hours," but it is at least equally plausible that it means "with 24 hours' notice." The sentence is inartfully drawn and the meaning obscure. Since the parties have agreed to refer all questions of the interpretation of the contract to arbitration,[3] it is up to an arbitrator to divine the parties' meaning. Even had the parties not so agreed, it would be appropriate to leave this procedural

question, which is a matter of contract interpretation, to an arbitrator.[4]

Plaintiff's second argument in favor of waiver by Defendant of the right to invoke arbitration is that as a matter of general legal principles, not contract interpretation, Defendant did not act with sufficient dispatch in asserting this right; i. e. that Defendant is barred by laches. In Operating Engineers v. Flair Builders, Inc., 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972), the defendant company asserted that the plaintiff union was barred by laches from enforcing the contract between them. That contract provided that the parties would arbitrate "any difference." The Court concluded that this phrase included the laches issue, and ordered arbitration of this issue. Here laches has been raised merely as a defense to invocation of the arbitration process. There are cases which hold or assume that it is for the courts to decide whether laches is a bar to arbitration.[5] However, in light of the *Flair* holding, and the federal policy in favor of arbitration of labor disputes,[6] these cases can no longer be considered good law at least where, as here, the parties have agreed to arbitrate all disputes of any kind arising under the terms and conditions of the contract. Arbitration is one of the terms of the contract, and the enforceability of that term is contested. Accordingly, whether Defendant is barred by laches from proceeding with

1. Plaintiff's brief filed March 20, 1973 at p. 3, quotes this sentence as "either party shall be entitled to envoke [sic] the grievance procedure by calling a meeting within 24 hours."

2. Collective Bargaining Agreement, Article VI, § 2 (emphasis supplied).

3. Id.

4. John Wiley & Sons v. Livingston, 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

5. See, e. g., Drake Bakeries v. Bakery Workers, 370 U.S. 254, 266–267, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); General Guar. Ins. Co. v. New Orleans General Agency, Inc., 427 F.2d 924, 929 (5th

Cir. 1970); Hilti v. Oldach, 392 F.2d 368, 370–371 (1st Cir. 1968); Mogge v. District No. 8, International Ass'n of Machinists, 387 F.2d 880, 882–883 (7th Cir. 1967); E. T. Simonds Const. Co. v. Local 1330 of Int. Hod Carriers, 315 F.2d 291, 294–295 (7th Cir. 1963); Council of Western Elec. Tech. Emp. v. Western Elec. Co., 238 F.2d 892, 895–896 (2d Cir. 1956).

6. See, e. g., Republic Steel v. Maddox, 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Avco Corp. v. Local U., #787, 459 F.2d 968, 973 (3d Cir. 1972).

arbitration is a question for the arbitrator, not the court.

In sum, the court holds that the arbitrator, not the court, should decide the merits of Plaintiff's claims that Defendant is precluded by the contract and by laches from proceeding with arbitration.

An Order in accordance with this Opinion has been entered.