**LOCAL 81, AMERICAN FEDERATION OF TECHNICAL ENGINEERS, AFL–CIO, Plaintiff-Appellee,**

v.

**WESTERN ELECTRIC COMPANY, INC., a corporation, Defendant-Appellant.**

No. 73–2044.

United States Court of Appeals, Seventh Circuit.

Heard Oct. 22, 1974.

Decided Dec. 18, 1974.

Charles J. Griffin, Jr., and Scott A. Lathrop, Chicago, Ill., for defendant-appellant.

Stephen B. Rubin, Chicago, Ill., for plaintiff-appellee.

Before KILKENNY, Senior Circuit Judge,* TONE, Circuit Judge, and CAMPBELL, Senior District Judge.*

TONE, Circuit Judge.

The defendant company appeals from a summary judgment in favor of the plaintiff union directing arbitration of three grievances under an arbitration clause in a collective bargaining agreement between the parties. The action is brought under Section 301 of the Labor Relations Act, as amended, 29 U.S.C. § 185.

The arbitration clause is in the usual form. Under it, "Any dispute arising between the Union and the Company with respect to the interpretation or application of any provision of this Agreement," may be referred by either party to an arbitrator in accordance with the procedure set forth in the agreement, provided that the grievance procedure set forth elsewhere in the agreement is first exhausted and that "such dispute is not excluded from arbitration by other provisions of this Agreement." The arbitration procedure provided in the agreement is summarized below, to the extent it is pertinent.

* Senior Circuit Judge John F. Kilkenny of the United States Court of Appeals for the Ninth Circuit and Senior District Judge William J. Campbell of the Northern District of Illinois are sitting by designation.

██ The right to arbitration arises solely from the agreement between the parties. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546–547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Independent Petroleum Workers v. American Oil Co., 324 F.2d 903, 906 (7th Cir. 1963). The settling of labor disputes by arbitration pursuant to collective bargaining agreements, calling for arbitration, is, however, favored as a matter of federal policy under the Labor Management Relations Act. Inland Steel Co. v. Local Union No. 1545, United Mine Workers of America (7th Cir., 1974), 505 F.2d 293, 298. See United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 566–567, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Nav. Co., *supra,* 363 U.S. at 577–578, 581, 80 S.Ct. 1347; United Steelworkers of America v. Enterprise W. & C. Co., 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

### The First Grievance

Charles A. Maskeri, who was employed by the Company as an engineering associate, was reclassified from the third to the fourth quartile in the Company's rating of overall employee performance. An employee's quartile rating is one important criterion in the Company's determination of whether a merit increase should be granted to the employee. It has no other significance. The Union seeks the restoration of Maskeri to the third quartile.

Under the collective bargaining agreement, the determination of whether any merit increase should be awarded and, if so, how much it should be is solely within the employer's "judgment and discretion." The choice of the specific factors to be considered in the decision and the weight to be accorded to each are also matters left to the discretion of the Company. Although merit increases may be made the subject of grievances, "such grievances shall not be subject to the arbitration provisions of the agreement."

The Company argues that the effect of these merit increase provisions is to remove the entire process of evaluating an employee, including establishing his rating regarding any of the factors, from the scope of the arbitration clause, and that the bargaining history supports its position.

The Union argues that it is only the ultimate decision of whether to grant a merit increase and the amount thereof that is left to the Company's judgment and discretion, and that the subsidiary question of the proper quartile rating is not excluded from arbitration. It disputes the Company's view of the bargaining history.

██ Since the bargaining history may determine the arbitrability of this grievance, and the parties disagree as to what that history shows, summary judgment cannot be entered. The District Court must hold a hearing to determine whether the bargaining history shows that the parties intended to submit this category of disputes to arbitration. Associated Milk Dealers, Inc. v. Milk Drivers Union, Local 753, 422 F.2d 546, 551 (7th Cir. 1970). Contrary to the Company's contention, neither Gateway Coal Co. v. United Mine Workers, 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974), nor Int'l Union of Op. Engineers, Local 150 v. Flair Builders, Inc., 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972), casts doubt on whether evidence outside the contract is admissible to show the intention of the parties.

### The Second and Third Grievances

Unlike the First Grievance, which raises the issue of whether a particular subject is arbitrable, the Second and Third Grievances concern subjects unquestionably within the scope of the arbitration clause. The reason given by the Company for not submitting these latter grievances to arbitration is that the Union

has not complied with the procedural requirements of the arbitration provision.

The Second Grievance challenges the firing of two employees from different departments on different dates. The Company relies upon a procedural provision of the arbitration article barring referral to arbitration of grievances encompassing more than one disputed matter. The Union contends that, because it chose to drop the part of the grievance relating to one of the employees, only a single matter remains for arbitration.

In the Third Grievance the issue arises under a procedural provision of the arbitration article which states that the right to arbitration is waived if, within 60 days after the demand for arbitration, "the parties have not jointly selected an arbitrator." The Company contends that the Union has waived the right to arbitration by its failure to submit a list from which the parties could select an arbitrator within 60 days after the demand for arbitration. The Union contends that the delay was caused by the failure of the Federal Mediation and Conciliation Service to respond promptly to the Union's timely request to designate a panel of arbitrators, and that the 60-day provision does not apply in these circumstances.

█ The issue presented to the District Court for decision with respect to the Second and Third Grievances was not whether the subject of the grievance was arbitrable but whether the procedural requirements of the arbitration provision had been complied with. The District Court correctly decided that this issue should be decided by the arbitrator rather than the court.

█ It is the court's duty to interpret the meaning of the arbitration clause, i. e., whether a given dispute is arbitrable, unless the agreement clearly states to the contrary. United Steelworkers of America v. American Mfg. Co., *supra,* 363 U.S. at 571, 80 S.Ct. 1343. This rule does not, however, extend to interpreting procedural provisions of the agreement to arbitrate once it appears that an arbitrable dispute exists. In John Wiley

& Sons, Inc. v. Livingston, *supra,* 376 U.S. at 557, 84 S.Ct. at 918, the Supreme Court said:

"Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."

The procedural nature of the objections raised by the Company to the arbitration of the Second and Third Grievances is apparent. Among the provisions referred to in the clause which provides for arbitration "in accordance with the procedure hereinafter set forth" are those that the Company relies upon to justify its refusal to arbitrate.

The Third Grievance issue is governed not only by the general principle that procedural matters are for the arbitrator to decide, but also by the Supreme Court's ruling on a similar issue in Int'l Union of Op. Engineers, Local 150 v. Flair Builders, Inc., *supra,* 406 U.S. at 491–492, 92 S.Ct. at 1713:

" . . . once a court finds that, as here, the parties are subject to an agreement to arbitrate, and that agreement extends to 'any difference' between them, then a claim that particular grievances are barred by laches is an arbitrable question under the agreement."

The District Court's judgment as to the Second and Third Grievances is affirmed; as to the First Grievance, the judgment is vacated and remanded for further proceedings.

Affirmed in part; vacated and remanded in part.

KILKENNY, Senior Circuit Judge (concurring and dissenting):

I fully concur in the majority's disposition of the first grievance. However, I am unable to agree with the majority's views on the second and third grievances and express my views on those subjects as follows:

**110**

### Second Grievance

Here, in my opinion, the district court erroneously left to the arbitrator the function of deciding whether the contract excluded the particular grievance from arbitration. In avoiding the issue, the court opined, "We cannot say as a matter of law that this grievance is non-arbitrable." The court should have examined the contract and decided whether the totally unrelated termination of two employees, who were employed in different departments, should have been submitted to arbitration before a single arbitrator. Under International Union of Operating Engineers v. Flair Builders, Inc., 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); and Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), it was the duty of the district court to decide whether Article 14, section 3 of the agreement[1] prohibited arbitration on the single grievance concerning the discharges of the employees Berg and Bohn. In my opinion, the court should have determined whether, in fact, the Union dropped the Bohn grievance and demanded arbitration on the Berg grievance only. The record is silent on this subject. As above stated, it was the function of the lower court to decide whether the parties had agreed to arbitration on this issue, as well as to speak on the scope of the arbitration clause. Atkinson v. Sinclair Refining Co., *supra*.

### Third Grievance

Here again, the lower court failed to decide whether the grievance was subject to arbitration as required by *Atkinson, Flair Builders* and *Wiley & Sons, Inc., supra*. On this grievance, appellant

relied upon the exclusionary clause in Article 14, section 4, which barred the arbitration of a grievance where the appellee did not request an arbitration panel within the 60-day period mentioned in the exclusion.[2] The district court held: "An arbitrator should decide the threshold question enroute to the merits." I disagree. The court, rather than the arbitrator, should decide whether under the contract, the 60-day exclusion clause was intended to apply to a delay that may have been occasioned by the Federal Mediation and Conciliation Service.

I would vacate the judgment of the court on all three grievances and remand for further proceedings.

---

1. "3. Each referral to arbitration shall embrace but one (1) such matter in dispute, unless otherwise stipulated by agreement between the Union and the Company."

2. "4. . . . However, the right to arbitrate any such dispute shall be deemed waived if, within sixty (60) days following the date upon which written demand for arbitration is made in accordance with Paragraph 2,

the parties have not jointly selected an arbitrator. Likewise, the right to arbitrate any such dispute shall be deemed waived, if, within a period of six (6) months following the selection of an arbitrator as provided herein, or by the expiration date of this Agreement, whichever occurs first, a hearing before the arbitrator in such dispute has not taken place, provided the arbitrator selected is available during the specified period."