■ In the Matter of the Arbitration between EMPIRE MUTUAL INSURANCE COMPANY, Appellant, and STANLEY FAULKNER et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered September 26, 1975 in Albany County, which denied an application by petitioner for a stay of arbitration. This dispute arises out of a one-car automobile accident which occurred on May 26, 1974 in Ulster County. The vehicle involved was a 1964 Pontiac owned by respondent John Patterson and occupied by Patterson and respondent Stanley Faulkner, a passenger. On March 12, 1973, a notice of cancellation of respondent Patterson's automobile policy was sent to him, to be effective March 29, 1973 for nonpayment of premiums. Thereafter, however, on February 11, 1974, Patterson requested petitioner to provide him with an insurance identification card for the 1964 Pontiac so that he could renew his registration thereof. On February 15, 1974, identification cards for the vehicle were issued and Patterson was advised that policy renewals had been delayed and "Coverage is extended and the time allowed to get the premium in to the Company. You will be receiving your Renewal shortly". Using the identification cards which had been issued, Patterson registered his vehicle in 1974. In response to a claim by Faulkner for injuries received in the accident, petitioner advised that the policy issued to Patterson had been canceled on March 29, 1973. Thereafter, respondents commenced steps for arbitration of the dispute as to petitioner's liability, and petitioner instituted this proceeding to stay arbitration. Under CPLR 7503 (subd [b]) arbitration would ordinarily be stayed if Patterson's policy had effectively been canceled "on the ground that a valid agreement was not made", the question being one for the court to determine. In the instant case, however, petitioner took steps in February of 1974 in compliance with Patterson's request, toward the issuance of a renewal, including the issuance of a card indicating that a policy of insurance was in effect, and thus the issue is whether or not petitioner is estopped from denying the existence of insurance. Under

subdivision 2 of section 675 of the Insurance Law "Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits * * * to binding arbitration". The kinds of questions which are arbitrable under this provision are broader than those which may be submitted under the provisions of CPLR, and therefore the latter must be deemed inapplicable in the present case to the extent that they are superseded by more specific provisions in the Insurance Law. The question of whether or not an effective policy of insurance was in effect on the date of the accident, as well as the question of whether or not petitioner should be estopped from denying the existence of such a policy clearly fall within the category of "any dispute involving the insurer's liability to pay". The motion of the petitioner was therefore properly denied. Order affirmed, with costs to respondents filing briefs. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.