■ In the Matter of the Arbitration between HOME MUTUAL INSURANCE COMPANY, Appellant, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.—Appeal from an order of the Supreme Court at Special Term,

entered March 16, 1978 in Albany County, which denied petitioner's motion to stay arbitration. On March 19, 1974, an automobile driven by petitioner's insured was involved in a collision with an automobile driven by respondent's insured. Two passengers of the automobile insured by petitioner were paid first party benefits by petitioner and on March 15, 1977 petitioner commenced arbitration, pursuant to section 674 of the Insurance Law, to recover these first-party benefits. On August 8, 1977, respondent sought by way of counterclaim in the arbitration proceeding to recover first-party benefits it paid to its insured. Petitioner subsequently commenced this proceeding to stay the arbitration of respondent's counterclaim on the ground that the counterclaim was barred by the Statute of Limitations. Special Term determined that the issue of the timeliness of the counterclaim was within the adjudicatory power of the arbitrator and denied petitioner's motion. On this appeal, we are concerned initially with the scope of arbitration under section 674 of the Insurance Law which provides for the arbitration between insurers of claims arising out of the payments of first-party benefits to or on behalf of a covered person. As a general rule, whether a claim sought to be arbitrated is barred by the applicable Statute of Limitations presents a question for judicial determination (*Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 363; CPLR 7503, subd [b]). The type of questions arbitrable under section 675 of the Insurance Law, however, is broader than those which may be submitted under the provisions of the CPLR (*Matter of Empire Mut. Ins. Co. [Faulkner]*, 52 AD2d 668, mot for lv to app den 39 NY2d 710). Respondent maintains that the scope of the arbitrator's power is as broad under section 674 of the Insurance Law as it is under section 675 of the Insurance Law and, therefore, the provisions of CPLR 7503 do not apply to proceedings under section 674. We disagree. Section 675 contains very broad language regarding which disputes are to be submitted to arbitration while section 674, at the time this proceeding was commenced, provided only that the "sole remedy" of the insurer under section 674 was submission to mandatory arbitration. Although more extensive language has been added to subdivision 2 of section 674 (L 1977, ch 892, § 12), we are of the view that at the time relevant in this proceeding the language of section 674 did not render inapplicable the provisions of CPLR 7503. Accordingly, it is for the court in this proceeding, not the arbitrator, to determine if the Statute of Limitations bars the arbitration of respondent's counterclaim. Since there is no dispute as to the pertinent time periods involved, this court will decide the issue. Petitioner contends that respondent's claim involves a party, the driver of the automobile insured by petitioner, whose rights and duties were not put in issue in the original arbitration proceeding commenced by petitioner. It is argued, therefore, that respondent's claim is not a counterclaim but a new claim. Section 674 of the Insurance Law, however, creates a cause of action in the insurers. It is the insurers whose rights and liabilities are determined under section 674 and, thus, in our opinion, respondent's claim seeking recovery from petitioner of first-party benefits paid to its insured is a counterclaim (cf. CPLR 3019, subd [a]). It is petitioner's contention that the applicable Statute of Limitations is three years pursuant to CPLR 214 (subd 5) while respondent maintains that it is six years pursuant to CPLR 213 (subd 2). In view of the fact that we have previously concluded that respondent's claim constitutes a counterclaim, said counterclaim would not be barred by either Statute of Limitations. Submission of a case to arbitration has the same force and effect as to insurers with regard to the applicable Statute of Limitations as if litigation had been instituted (11

NYCRR 65.10 [d] [5] [i]). CPLR 203 (subd [c]) provides that a counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed. Petitioner herein commenced arbitration within three years of the accident in question. Consequently, even if governed by a three-year Statute of Limitations, respondent's counterclaim was timely. Having determined that respondent's counterclaim is not barred by the Statute of Limitations, we must affirm the order of Special Term denying petitioner's motion to stay arbitration. Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur; Mikoll, J., not taking part.