SCA SERVICES, INC v GENERAL MILL SUPPLY COMPANY

Docket No. 63354. Submitted March 16, 1983, at Detroit.—Decided September 27, 1983. Leave to appeal applied for.

    SCA Services, Inc., brought an action in the United States District Court for the Southern District of Illinois against General Mill Supply Company. General Mill filed a counterclaim alleging breaches of certain contracts. On July 6, 1976, the court granted SCA's motion to stay the proceedings on the counterclaim because the contracts in dispute contained arbitration provisions. On October 1, 1981, General Mill filed a demand for arbitration against Tri-County Sanitation Systems, Inc., Sanitation Systems, Inc., and their parent company, SCA. Subsequently, SCA Services, Inc., Tri-County Sanitation Systems, Inc., and Sanitation Systems, Inc., brought suit in Oakland Circuit Court against General Mill alleging that General Mill had waived its rights to arbitration. The court, Francis X. O'Brien, J., granted summary judgment for General Mill and certified the arbitration award previously obtained for General Mill. The plaintiffs appealed. *Held:*

    1. SCA did not waive its right to contest General Mill's right to arbitration by participating in the arbitration proceedings.

    2. The trial court erred in determining that arbitration was the proper forum for determining whether General Mill had

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 5 Am Jur 2d, Arbitration and Award § 51.

Defendant's participation in action as waiver of right to arbitration of dispute involved therein. 98 ALR3d 767.

[2] 5 Am Jur 2d, Arbitration and Award § 167 *et seq.*

[3] 5 Am Jur 2d, Arbitration and Award § 36.

Validity and effect, and remedy in respect, of contractual stipulation to submit disputes to arbitration in another jurisciction. 12 ALR3d 892.

[4] 5 Am Jur 2d, Arbitration and Award § 52.

Delay in asserting contractual right to arbitration as precluding enforcement thereof. 25 ALR3d 1171.

[5] 5 Am Jur 2d, Arbitration and Award §§ 80, 81.

Contract containing arbitration agreement as subject to the stay and enforcement provisions of the United States Arbitration Act —federal cases. 18 L Ed 2d 1685.

waived its right to arbitration. A court is the proper forum to determine the effect of a general lapse of time in requesting or demanding arbitration or the effect of participating in an action at law prior to demanding arbitration.

3. General Mill's filing of a counterclaim in the federal action did not constitute a waiver of its right to arbitration. It was SCA which persuaded the federal court to stay proceedings pending arbitration. The plaintiffs' argument that such a counterclaim constituted a waiver of General Mill's right to arbitration is inconsistent with SCA's previous argument in the federal action that the merits of the case should be submitted to arbitration. SCA is estopped from claiming waiver because of the filing of the counterclaim. However, General Mill's proceeding with discovery after the federal court's stay pending arbitration may constitute a waiver if the discovery was unnecessary for General Mill's defense against SCA's claim in the federal court. On remand, if the trial court finds that General Mill conducted the discovery to defend against SCA's action, there was no waiver of the right to arbitration. If the discovery was unnecessary for its defense, General Mill waived its right to arbitration.

4. SCA should have been permitted to introduce evidence of laches in the trial court. Laches may give rise to a waiver of arbitration.

Reversed and remanded.

1. Arbitration — Waiver.

A party's participation in arbitration proceedings should not result in waiver of his right to raise the issue of arbitrability of the dispute where he has made a timely objection to arbitrability before a hearing on the merits.

2. Arbitration — Waiver.

A party is not required to file a motion to vacate an arbitration award in order to preserve his objection to the arbitration proceeding on the ground that the opposing party had waived his right to arbitration.

3. Arbitration — Waiver — Jurisdiction.

The court is the proper forum to determine the effect of a general lapse of time in requesting or demanding arbitration or the effect of participating in an action at law prior to demanding arbitration.

4. Arbitration — Waiver — Actions.

A party's filing of a counterclaim in a court action and conduct-

ing discovery regarding the matter in dispute may constitute a waiver of that party's right to arbitration where the party delays in its demand for arbitration.

5. ARBITRATION — COURTS — DISCOVERY.

A party's proceeding with discovery in a court action where the court has stayed portions of the proceedings to allow the parties to proceed with arbitration may constitute a waiver of the right to demand arbitration where the discovery is not necessary to prosecute or defend that portion of the civil action not stayed by the court; pursuing discovery in a court may be viewed as being inconsistent with demanding arbitration because discovery is not generally available in arbitration.

6. ARBITRATION — LACHES.

Laches may constitute a waiver of the right to arbitration.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Timothy D. Wittlinger, Richard C. Sanders,* and *Linda S. Walton),* for plaintiffs.

*C. William Garratt & Associates, P.C.* (by *Dennis J. Dlugokinski* and *Mark D. Evans),* for defendant.

Before: T. M. BURNS, P.J., and CYNAR and P. J. MARUTIAK,* JJ.

PER CURIAM. On December 9, 1981, plaintiffs, SCA Services, Inc., Tri-County Sanitation Systems, Inc., and Sanitation Systems, Inc., filed a complaint against the defendant, alleging that on October 1, 1981, the defendant, General Mill Supply Company, filed a demand for arbitration with the American Arbitration Association relating to certain contracts between plaintiffs and defendant. Plaintiffs requested a stay of arbitration, contending that General Mill waived its right to arbitrate by presenting its claims under these contracts to the United States District Court for the Southern District of Illinois. In that case, SCA, the parent

---

* Circuit judge, sitting on the Court of Appeals by assignment.

company of the other two plaintiffs, originally brought the action. General Mill filed a counter-claim, alleging breaches of the contracts. SCA then brought a motion to stay the proceedings on the counterclaim since the contracts in dispute were subject to an arbitration provision. On July 6, 1976, the district court judge granted SCA's motion, finding that, although General Mill had repudiated its obligation to enforce arbitration, SCA had elected to insist on performance of the arbitration provisions. The district court judge stated that, by moving to stay the proceedings, SCA had "served notice upon GM that it expects GM to submit its claims to arbitration if it desired further to pursue them".

General Mill filed its demand for arbitration on October 1, 1981. On December 9, 1981, plaintiffs filed their complaint requesting the trial court to stay arbitration based upon General Mill's alleged waiver. General Mill moved for summary judgment. The trial court granted General Mill's motion and plaintiffs filed this appeal. Pending our determination of this appeal, we note that the parties have completed arbitration which resulted in an award for General Mill. That award was certified by the trial court.

We first consider whether SCA waived its right to contest arbitration by participating in the arbitration proceedings. SCA vigorously disputed the authority of the arbitrator to determine the waiver question, both in the courts and during the arbitration proceedings. As stated by the Court in *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72, 77-78; 205 NW2d 856 (1973):

"While it is true that one who volitionally and without objection participates in arbitration proceedings may well have waived his right subsequently to object

to the arbitrability of previously decided issues, cases so holding would not appear applicable to the case at bar. As stated in 33 ALR3d 1242, § 4, p 1250:

> " 'A number of cases indicate that a party's participation in arbitration proceedings will not result in waiver of his right to raise the issue of arbitrability of the dispute if he has made a timely objection to arbitrability before a hearing on the merits.' "

See also *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670; 264 NW2d 92 (1978), *lv den* 402 Mich 915 (1978).

Certainly, SCA's actions in both the arbitration proceeding and the courts manifested an opposition to the arbitration proceeding on the ground that General Mill had waived its right to arbitration. SCA was not required to file a motion to vacate the arbitration award in order to preserve these objections. *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95; 323 NW2d 1 (1982). In this case it would not have been proper to do so, since the same issues were already pending in this court action. Accordingly, SCA did not waive its right to contest General Mill's right to arbitration by participating in the arbitration proceedings.

We next consider whether the trial court correctly decided that the issue of waiver should be resolved by the arbitrator. The trial court relied on *Northland Ins Co v Sny,* 98 Mich App 507; 296 NW2d 292 (1980), to find that the contract gave the arbitrator the power to resolve any disputes relating to the agreement. GCR 1963, 769.2 sets forth the rule governing proceedings to compel or stay arbitration:

> "[I]f the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party,

otherwise the application shall be denied." GCR 1963, 769.2(1).

In a recent decision, the Supreme Court stated:

"Whenever the jurisdiction of an arbitrator is questioned, it must be determined in order to make an award on arbitration binding.[2] The existence of a contract to arbitrate and the enforceability of its terms is a judicial question which cannot be decided by an arbitrator.[3]

---

[2] In *Waterford Ass'n of Educational Secretaries v Waterford School Dist,* 95 Mich App 107; 290 NW2d 95 (1980), the Court of Appeals stated that a finding of no agreement to arbitrate precludes the power or jurisdiction of an arbitrator to act. The Court also stated, 'A lack of jurisdiction was recognized by this Court as a basis for attack of an arbitration award in *Brown v Holton Public Schools,* 62 Mich App 328; 233 NW2d 274 (1975), *vacated on other grounds* 397 Mich 71; 243 NW2d 255 (1976).' Also, in *Stowe v Mutual Home Builders Corp,* 252 Mich 492, 497; 233 NW 391 (1930), we said that an award outside of the scope of an agreement of arbitration is not binding because it has no legal sanction.

[3] See *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72, 79; 205 NW2d 856 (1973). Though the case deals with the arbitrability of specific issues, the same rationale holds for the arbitrability of the entire dispute. Also see 5 Am Jur 2d, Arbitration and Award, § 15, pp 531-532." *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95, 98-99; 323 NW2d 1 (1982).

---

The Michigan Supreme Court has also vacated one of this Court's previous decisions which affirmed a trial court's granting of summary judgment which was based on *Sny. Joba Construction Co v Monroe County Drain Comm'r,* 411 Mich 1025 (1981), vacating the order in the Court of Appeals case (Docket No. 57402, decided June 8, 1981). The Supreme Court cited Anno: *Waiver of or estoppel to assert substantive right or right to arbitrate as question for court or arbitrator,* 26 ALR3d 604; Anno: *Defendant's participation in action as waiver of right to arbitration of dispute involved therein,* 98 ALR3d 767, for consideration

in determining whether the court is the proper forum to determine whether arbitration has been waived. The pertinent annotation states that, "although the decisions are not unanimous, it has been usually held that the court is the proper forum to determine the effect of a general lapse of time in requesting or demanding arbitration, or the effect of participating in an action at law prior to demanding arbitration". 26 ALR3d, 604, 606-607. (Footnotes omitted.)[1] Considering this issue in light of *Arrow Overall Supply Co, supra,* we are inclined to follow the majority position holding that the court is the proper forum to determine whether there has been a waiver of this sort. Since the trial court based its decision on a finding that the arbitrator was responsible for determining the issue of waiver, the order granting summary judgment is reversed.[2]

We next consider whether General Mill waived its right to arbitrate. Plaintiffs argue that General Mill made such a waiver by filing a counterclaim in federal court, conducting discovery relating to the disputed contracts, and delaying its demand for arbitration. Filing a counterclaim may constitute a waiver of arbitration. 98 ALR3d 767, 781-787. SCA, however, successfully persuaded the federal court to stay proceedings pending arbitra-

---

[1] If waiver is predicated upon failure to comply with procedural aspects of an arbitration agreement, the issue is properly resolved by the arbitrator.

[2] The trial court also found that General Mill's actions in the lower court did not terminate the arbitration provision but that res judicata may apply. This Court in *Auto Owners Ins Co v Higby,* 69 Mich App 485, 488; 245 NW2d 102 (1976), stated: "We are concerned here with the effect of a lawsuit on contractual rights, rather than the effect of one lawsuit on another lawsuit." Therefore, whether the arbitration provision is still effective or not does not involve the doctrine of res judicata. SCA may have a valid res judicata claim though in that it contends that the arbitrator may have awarded General Mill damages for overpayments on the contracts when General Mill had already recovered these damages in federal court.

tion on the merits of the case. SCA's current argument, that filing the counterclaim was a waiver, is inconsistent with its previous argument that the merits of the case should be submitted to arbitration. SCA is estopped from making its current argument to this extent. *Bowerman v Detroit Free Press,* 287 Mich 443; 283 NW 642 (1939); *Washburn v Peck,* 245 Mich 351; 222 NW 768 (1929).

SCA, however, is not estopped from arguing that General Mill's actions subsequent to the federal court's stay pending arbitration constituted a waiver, since these actions occurred after SCA argued in favor of arbitration. SCA contends that General Mill conducted discovery on the contracts after the federal court stayed the proceedings on them. Proceeding with discovery may be a waiver of the right to demand arbitration. *Winter v Arvida Corp,* 404 So 2d 829 (Fla App, 1981). Pursuing discovery in a court may be viewed as being inconsistent with demanding arbitration since discovery is not generally available in arbitration, *Dearborn v Freeman-Darling, Inc,* 119 Mich App 439; 326 NW2d 831 (1982).

The mere fact that during discovery certain facts about the contracts now in dispute were discussed does not constitute a waiver by General Mill. On remand, if the trial court finds that General Mill conducted this discovery to defend against SCA's action in the federal court, there was no waiver. If it is found that this discovery was unnecessary for General Mill's defense in the federal court, there was a waiver.

The trial court, in its opinion, failed to address the issue of laches. This appears to be SCA's major argument for waiver, since it concedes in its brief that it would not have argued for a waiver had

General Mill promptly demanded arbitration. This Court has recognized that laches can give rise to a waiver of arbitration. *Buckley v Small,* 52 Mich App 454; 217 NW2d 422 (1974). SCA should have been permitted to introduce evidence on this question to the trial court.

Reversed and remanded.