STATE of North Dakota, Duane R. Liffrig, State Highway Commissioner, Plaintiffs and Appellees,

v.

STREMICK CONSTRUCTION COMPANY, & Arthur L. Dahlin, as Arbitrator for Stremick Construction Company, Defendants and Appellants.

Civ. No. 10799.

Supreme Court of North Dakota.

July 3, 1985.

Karl F.A. Lindquist [argued], of Massee, Leonard & Lindquist, East Grand Forks, for defendants and appellants.

Myron L. Bothun, Asst. Atty. Gen., Bismarck, for plaintiffs and appellees.

GIERKE, Justice.

Defendant Stremick Construction Company [Stremick] appeals from the issuance and continuation of a temporary restraining order which prevents Stremick and its arbitrator, Arthur L. Dahlin, from attempting to arbitrate claims under two construction contracts entered into between the defendant and the North Dakota State Highway Department [the State]. We conclude that the restraining order should be dissolved and the issue of timeliness of the demand as discussed herein should be referred to the arbitration board for resolution.

The State and Stremick entered into two contracts for the improvement and construction of certain public highways. The first contract dated June 13, 1979, involved Federal-aid Project No. DPF–FG–1–083(19)111, Contract No. 1, on U.S. 83 from Washburn south in McLean County. The second contract was executed on August 14, 1980, and was described as Federal-aid Project No. F–6–002(15)318, on U.S. 2 from near Niagara east in Grand Forks County.

Stremick encountered several problems with rock excavation, excavation shrinkage, and water supply in trying to construct the two highways according to the contracts. The parties attempted to resolve their disputes through negotiations, but the negotiations produced no satisfactory settlement.

On September 19, 1983, Stremick wrote to the State reporting that all work on the two projects would be fully performed on September 30, 1983. The State replied by letter dated October 10, 1983, that Project No. DPG–FG–1–083(19)111, Contract No. 1, had been completed by Stremick on November 16, 1981, and accepted by the State on that same date. The State asserted further that Project No. F–6–002(15)318 had been completed on November 10, 1982, and accepted on January 10, 1983. On April 6, 1984, Stremick demanded arbitration to settle a dispute regarding the amount due on the two projects.[1] The State responded on May 3, 1984, by instituting an action for declaratory judgment. The State asked the trial court to declare that Stremick was not

---

1. The statute in effect at the time Stremick presented its demand for arbitration, § 24–02–27, N.D.C.C., provided for the selection of three arbitrators, one chosen by each party and one chosen jointly. No restrictions were placed on the source from which arbitrators were chosen. However, § 24–02–27 was amended in 1983. It now requires the selection of arbitrators to be made from an arbitration pool.

entitled to arbitration because its demand was untimely. The State also requested and received the issuance of a temporary restraining order which prohibited Stremick from proceeding with arbitration. Stremick requested the dismissal of the State's action and the removal of the restraining order. The court refused to dismiss the action and continued the temporary restraining order pending determination of whether Stremick was entitled to arbitration.

Stremick appeals from the district court's denial of its motion to dismiss the action and the continuation of the restraining order. The question for this court is whether the district court or the arbitration board is the proper forum to determine the timeliness of the demand for arbitration.

As a matter of federal policy, arbitration is strongly favored. *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984); *Gateway Coal Co. v. United Mine Workers of America*, 414 U.S. 368, 377–378, 94 S.Ct. 629, 636–637, 38 L.Ed.2d 583 (1974); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). The federal policy has been recognized by this court. *Scherbenske Excavating, Inc. v. North Dakota State Highway Department*, 365 N.W.2d 485 (N.D.1985); *West Fargo Public Sch. Dist. v. West Fargo Ed.*, 259 N.W.2d 612, 616 (N.D.1977).

The question of whether the court or the arbitration board is the proper forum to determine the timeliness of a demand for arbitration has been examined by courts at all levels. The question often arises at the federal level in labor cases. The leading federal case on the issue is *John Wiley & Sons v. Livingston*, 376 U.S. 543, 555–559, 84 S.Ct. 909, 917–919, 11 L.Ed.2d 898 (1964), wherein the United States Supreme Court held that once it has been determined that the parties are obligated to submit their dispute to arbitration, procedural questions growing out of the dispute are for the arbitrator to decide.

· Prior to the decision in *Wiley, supra,* there was a sharp split among the federal courts on whether a question of timeliness is an issue for the court or for the arbitrator. The First and Seventh Circuit Courts of Appeal held that the issue was for the court, while the Second, Third, Fifth, and Sixth Circuits decided that the issue was one for the arbitrator. *See* Annot., 26 A.L. R.3d 604 (1969), and cases cited therein. Federal courts which have rendered decisions subsequent to *Wiley* have generally held that timeliness of the demand is an issue for the arbitrator. *Local 81, American Federation of Technical Engineers, AFL–CIO v. Western Electric Co., Inc.*, 508 F.2d 106, 109 (7th Cir.1974); *Local 542 Int. U. of Op. Eng. v. Penn. State Const., Inc.*, 356 F.Supp. 512, 513–514 (D.Pa.1973). The decisions are for the most part labor law cases, or those subject to the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1–14. Notwithstanding that fact, federal case law is persuasive on the point raised in the instant case.

The construction contract in the instant case is silent on a time limitation for demanding arbitration. The matter is governed entirely by statutory law. Chapter 24–02, N.D.C.C.

Section 24–02–26, N.D.C.C., provides that all controversies arising out of contracts entered into for the construction or repair of highways shall be submitted to arbitration. The section further states that: "Any person who voluntarily enters into a contract for the construction or repair of highways shall be considered as having agreed to arbitration of all controversies arising out of such contract". That the arbitrators shall determine all controversies growing out of the contract is specifically provided for in § 24–02–31, N.D.C.C.

Section 24–02–30, N.D.C.C., sets forth the procedural mandates for demanding arbitration:

*"24–02–30. Conditions precedent to demand for arbitration against commissioner.*—No right shall exist to demand arbitration against the commissioner until the conditions specified in this

section shall have been complied with. The contractor must give the commissioner notice in writing that he claims the contract has been or will be performed fully on a day stated, which shall not be less than ten days after the giving of such notice. At the time stated in the notice the commissioner shall cause the work to be inspected, and if he claims the work has not been completed, he, with all reasonable dispatch, having regard to the early completion of the work, shall specify the particulars in which it is incomplete and shall direct that it be completed accordingly, or if he considers further work necessary to bring the project up to the desired standard for acceptance· either by him or the United States public roads administration, even though he considers such contract complete, he likewise may specify any such additional work. The contractor must proceed with all reasonable dispatch, having due regard to weather conditions, with the performance of all such additional work with a view to a speedy completion of the project. When the contractor claims in good faith, supported by affidavit furnished to the commissioner, that he has completed such additional work according to the specifications furnished to him, and the commissioner fails for ten days to accept such work as completed, he shall have the right to institute proceedings under this chapter."

Further, § 24–02–32, N.D.C.C., provides that arbitration must be commenced "within six months after the right thereto has arisen".

Appellee contends that the court is the proper forum for deciding the issue of timeliness and relies on our court's holding in *Lamb v. Northern Imp. Co.*, 71 N.D. 481, 3 N.W.2d 77 (1942). The *Lamb* case is not directly in point. In *Lamb, supra,* Northern Improvement received an award against the State Highway Department [Lamb] through arbitration. Judgment was entered in district court in favor of Northern Improvement. Lamb then sought to vacate the award and succeeded. Northern Improvement appealed, but the court affirmed the vacation of the award because the demand had been filed too late. *Lamb, supra* 3 N.W.2d at 82.

One significant difference between the instant case and *Lamb* is that the facts were stipulated to in *Lamb* regarding the date of completion and the date of acceptance. *Lamb, supra* 3 N.W.2d at 80. Thus, the handling of the timeliness issue by the court in *Lamb* is not particularly useful to us in the instant case. In this case, the parties dispute the dates of completion and acceptance. Resolution of these matters is within the purview of the arbitrators. Once the dates of completion and acceptance have been determined, the authority contained in *Lamb* should guide the arbitrators in determining whether the demand was timely made. According to this court's decision in *Lamb*, the right to arbitration arises upon completion and acceptance of the project by the State. *Lamb, supra* 3 N.W.2d at 80.

Generally, state court decisions on the issue presented here have determined that the issue is one for the arbitrators. Nevada, Arizona, Minnesota, Michigan, and Maryland are among 26 States which have adopted the Uniform Arbitration Act, U.L.A. § 1 (Supp.1985). The general principles behind the Act are the ·enforcement of arbitration agreements and the efficient and expeditious resolution of contractual disputes. *Dean Witter Reynolds, Inc. v. Byrd;* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

Nevada holds that the issue of timeliness is for the arbitrators. *Exber, Inc. v. Sletten Construction Company*, 92 Nev. 721, 558 P.2d 517, 523 (1976). The Nevada Court, in *Exber, supra*, based its decision in part on the federal court's position expressed in *Wiley, supra.*

Arizona also views the issue of timeliness as one for the arbitrators. The court in *New Pueblo Constructors, Inc. v. Lake Patagonia Recreation Ass'n*, 12 Ariz.App. 13, 467 P.2d 88 (1970), expressed a preference for liberally construing arbitration agreements in favor of arbitration.

On the other hand, Maryland holds that timeliness of a demand is a threshold question for the court to decide. *Frederick Contractors, Inc. v. Bel Pre Med. Ctr., Inc.,* 274 Md. 307, 334 A.2d 526, 531 (1975).

In determining the proper forum for deciding the issue of timeliness, New York makes a distinction between statutory periods of limitation and limitations set forth in an arbitration contract. *County of Rockland v. Primiano Const. Co., Inc.,* 51 N.Y.2d 1, 431 N.Y.S.2d 478, 409 N.E.2d 951 (Ct.App.1980); *City School Dist. v. Poughkeepsie Public Sch. Teach. Ass'n,* 35 N.Y.2d 599, 364 N.Y.S.2d 492, 497, 324 N.E.2d 144, 149 (1974). *See Paver & Wildfoerster v. Catholic High School Ass'n,* 38 N.Y.2d 669, 382 N.Y.S.2d 22, 24, 345 N.E.2d 565, 567 (1976). New York consistently holds that the court is the proper forum for questions concerning statutory periods of limitation. On the other hand, questions arising out of limitation periods set forth in the contract are questions for the arbitrator. *Home Mut. Ins. Co. v. Government Emp. Ins.,* 67 A.D.2d 1049, 413 N.Y.S.2d 523, 524 (App.Div.1979). New York sets forth further guidelines in determining the proper forum for deciding procedural issues of timeliness. According to the court in *County of Rockland v. Primiano Const. Co., Inc.,* 51 N.Y.2d 1, 431 N.Y.S.2d 478, 482, 409 N.E.2d 951, 955 (Ct.App.1980), if the procedural time limitation at issue is a prerequisite to entering the arbitration process, the question is for the court. On the other hand, if the procedural device is one established for the management of the arbitration process, then any resulting questions are for the arbitrators. *Rockland, supra* 431 N.Y.S.2d at 482, 409 N.E.2d at 955. The New York courts rely heavily upon the structure of the arbitration clause at hand in determining the proper forum for deciding a procedural dispute. *N.Y. Plaza Bldg. Co. v. Oppenheim, Appel. Co.,* 103 A.D.2d 203, 479 N.Y.S.2d 217, 220 (A.D.1984). If the clause is broad and provides for the arbitration of all disputes arising out of the contract, the issues of timeliness are generally delegated to the arbitrators. *N.Y. Plaza, supra* 479 N.Y.S.2d at 220–221. A question of timeliness is reserved for court determination only when an arbitration clause narrowly defines the scope of arbitration to exclude such question from arbitration expressly or by implication. *United Nations Development v. Norkin Plumbing,* 45 N.Y.2d 358, 408 N.Y.S.2d 424, 426–427, 380 N.E.2d 253, 255–256 (1978).

The view of the Michigan Appeals Court is that timeliness of a demand for arbitration is a question for the arbitrators. *SCA Services, Inc. v. General Mill Supply,* 129 Mich.App. 224, 341 N.W.2d 480 (1983).

Similarly, in *Minnesota, Etc. v. Independent School, Etc.,* 310 N.W.2d 482 (Minn. 1981), the court held that the issue of timeliness of a motion to compel arbitration is one for the arbitrator.

Appellant relies on this court's decision in *West Fargo Public Sch. Dist. v. West Fargo Ed.,* 259 N.W.2d 612 (N.D.1977), as authority for the proposition that the arbitration board is the proper forum for deciding the question concerning the timeliness of the demand in this case. We are persuaded that the rationale expressed in *West Fargo* applies in this case. The rationale which was applied in *West Fargo* stemmed from the United States Supreme Court decision in *International Union of Operating Engineers, Local 150, AFL–CIO v. Flair Builders, Inc.,* 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972). The court in *Flair* held that once a court determines that the parties have agreed to arbitrate and that the agreement extends to any dispute between them, then a procedural question of timeliness is for the arbitrators to decide. *Flair, supra* 406 U.S. at 491–492, 92 S.Ct. at 1712–13.

When the parties have agreed to submit all contractual disputes to arbitration, the role of the court is limited according to *West Fargo, supra* 259 N.W.2d at 619. In the instant case, the parties are bound by statute to submit to arbitration. § 24–02–26, N.D.C.C. Arbitration includes "all controversies between the parties growing out

of the contract". § 24–02–31, N.D.C.C. Once a dispute has been settled through arbitration, however, the decision may be appealed to a court. §§ 32–29–08, 32–29–09, 32–29–10, N.D.C.C.

We conclude that the proper forum for determining the timeliness of the demand for arbitration in this case is the arbitration board. Therefore, the order restraining Stremick from proceeding with arbitration should be dissolved and the issue of timeliness of the demand should be presented to the arbitration board. As we stated in *Wahpeton Public Sch. Dist. v. North Dakota Ed. Ass'n*, 166 N.W.2d 389, 393 (N.D. 1969):

> "[A] preliminary injunction will be dissolved when the reasons for granting such injunction have ceased to exist and it no longer can serve any useful purpose."

A temporary restraining order is one type of preliminary injunction. *Amerada Hess Corp. v. Furlong Oil & Minerals*, 336 N.W.2d 129, 132 (N.D.1983). The purpose of a temporary restraining order is to preserve the status quo of the parties pending a determination of the issue at hand. *Amerada Hess, supra* 336 N.W.2d at 132.

Because we have determined that the proper forum for determining the issue of timeliness is the arbitration board, the need for the restraining order no longer exists.

ERICKSTAD, C.J., and MESCHKE and LEVINE, JJ., concur.

VANDE WALLE, Justice, dissenting.

It is apparent there is substantial authority for the position espoused by the majority, but I believe the more logical approach is that taken by the New York courts as explained in the majority opinion. In *Board of Education, Etc. v. Heckler Electric Co.*, 7 N.Y.2d 476, 199 N.Y.S.2d 649, 166 N.E.2d 666 (1960), the court indicated that a demand for arbitration made within the time prescribed by the statute is a condition precedent to the right to arbitrate and as a consequence, a failure to act within the specified time deprives the petitioner of the right to arbitrate. Therefore, the decision of whether or not a demand for arbitration was made within the time prescribed by statute is for the court, not the arbitrators.

A reading of our statute, Section 24–02–30, N.D.C.C., quoted in the majority opinion, reveals that it prescribes conditions precedent to the right to arbitrate. The title so indicates and the first sentence clearly states that "No right shall exist to demand arbitration against the commissioner *until* the conditions specified in this section shall have been complied with." [Emphasis supplied.] Although the statute is not entirely clear, this court has previously held that one of those conditions is the acceptance of the work as completed by the Commissioner or his failure for ten days to accept such work as completed. See *Lamb v. Northern Imp. Co.*, 71 N.D. 481, 3 N.W.2d 77 (1942). Furthermore, Section 24–02–32, N.D.C.C., provides in part that no arbitration is to be had under the provisions of Chapter 24–02, N.D.C.C., unless commenced within six months after the right thereto has arisen. The right to arbitrate therefore arises at the time the Commissioner accepts the work as completed or, if the notice is given, as here, the refusal by the Commissioner to accept the work as completed.

Section 24–02–31, N.D.C.C., does provide in part that the arbitrators are to determine all controversies between the parties *"growing out of the contract, including the question whether it had been performed at the time claimed by the contractor ..."* [Emphasis added.] Although the dispute in this case appears to involve the question of whether or not the work has been performed at the time claimed by the contractor, in this instance that question does not arise out of the contract but rather arises from the interpretation of the very statutes which require the arbitration. This appears to me to be exactly the type of situation in which the rationale of the New York courts applies, i.e., if the issue of the timeliness of the demand for arbitration arises out of the statutes it is an issue for the courts to decide, whereas if it arises

out of the contract it is for the arbitrators to determine. This also appears to me to be the statutory scheme established by our statutes. Furthermore, we have already adhered to the New York doctrine with regard to the standard of review on appeal from a decision of an arbitration board. In *Scherbenske Excavating v. N.D. State Hwy. Dept.*, 365 N.W.2d 485 (N.D.1985), we affirmed this court's previous decision in *Nelson Paving Co., Inc. v. Hjelle*, 207 N.W.2d 225 (N.D.1973), which adopted the New York rule and concluded that an arbitration award would not be vacated on appeal unless the award were completely irrational. I do not believe that standard should be applied to the interpretation of the statutes establishing the conditions precedent to arbitration nor, as I have said, do I believe the statutory scheme for arbitration enacted by the Legislature so contemplated. In this instance it is the Legislature which has consented, on behalf of the Commissioner, to the arbitration procedure. See *Hjelle v. Sornsin Construction Company,* 173 N.W.2d 431 (N.D.1969). It perhaps will tell us whether or not we have misconstrued the legislative intent.

Stremick relies on this court's decision in *West Fargo Public Sch. Dist. v. West Fargo Ed.,* 259 N.W.2d 612 (N.D.1977), for the proposition that the issue of whether or not the grievance was timely filed must be determined by the arbitrators. However, in that instance the issue of whether the grievance was timely filed arose out of the terms of the contract. There were no statutory conditions precedent at issue. Under the circumstances in that case, I would agree that a decision as to timeliness was for the arbitrators.

Although the court now appears to have decided the issue of whether the courts or the arbitrators determine the timeliness of the demand for arbitration, this is but an appeal from a temporary restraining order. The standard of review is whether or not the trial court abused its discretion in issuing the temporary restraining order. See *Amerada Hess Corp. v. Furlong Oil & Minerals,* 336 N.W.2d 129 (N.D.1983). Under the circumstances of this case I cannot conclude that the trial court abused its discretion and I would therefore affirm the decision of the trial court to continue the temporary restraining order.